DANAHY, Acting Chief Judge.
In this case we address the meaning and the application of Florida’s “Hate Crime Statute,” section 775.085, Florida Statutes (1991). The words “hate crime” are a misnomer; the statute is an enhancement statute, providing for the reclassification as set forth in the statute of any felony or misdemeanor “if the commission of such felony or misdemeanor evidences prejudice based on the race, color, ancestry, ethnicity, religion, sexual orientation, or national origin of the victim.”
The appellant was charged with several offenses. In Count II the state charged the appellant, who is white, with obstructing or opposing an African-American police officer in the lawful execution of a legal duty by offering or doing violence to his person, a felony of the third degree under section 843.-01. The charging document sought to impose the prejudice enhancement under section 775.085 by adding these words: “And in the commission of such felony, the said Steven R. Woolfork evidenced prejudiced [sic] based upon the race of the victim.”
At trial defense counsel objected to the wording of the charging document with respect to the prejudice enhancement factor, pointing out that the language used in Count *824 II was not what the statute said. Defense counsel asked that the charge in Count II not be read to the jury, but the objection was overruled and the charge was read to the jury as set forth in Count II.
Defense counsel made a similar objection to the proposed jury instruction on the prejudice enhancement and was successful in persuading the trial court to give the jury an instruction which was correct because it tracked the exact language of the statute. However, defense counsel was not so successful in his objection to the wording of the verdict form. Despite defense counsel’s objection, the trial court did not change the wording of the verdict form and, as a consequence, the jury found the appellant “guilty of obstructing or opposing an officer with violence and evidencing prejudice based upon race of the victim, as charged.”
By application of the prejudice enhancement statute, the charge against the appellant in Count II was enhanced from a third degree felony to a second degree felony. The appellant was found to be a habitual felony offender and received a sentence of thirty years on Count II. Without the prejudice enhancement, the charge in Count II would have remained a felony of the third degree and the maximum term of imprisonment for a habitual felony offender would have been ten years. Section 775.084(4)(a)3, Fla.Stat. (1991).
On this appeal the appellant raises several issues, the first of which challenges the constitutionality of what the appellant calls “the Hate Crime Statute.” We find it unnecessary to address constitutional issues because we hold that the prejudice enhancement in this case was improperly applied. We believe that for purposes of applying the prejudice enhancement statute, the jury must find that the defendant engaged in the conduct described in the statute. We draw an analogy to the enhancement of a sentence for use of a firearm. In order to apply such an enhancement, the jury must make a finding that the defendant committed the crime while using a firearm. See Chapman v. State, 597 So.2d 431 (Fla.2d DCA 1992). In this case, the conduct described in the verdict form is not the conduct described in the prejudice enhancement statute. Adding the words “as charged” does not help the situation because the charge was also incorrectly worded. Accordingly, we hold that the prejudice enhancement provided in section 775-085 cannot be applied in this case. This conclusion renders moot the matters raised in three of the remaining four issues on appeal. The last issue we find to be without merit.
For the reasons expressed in this opinion, we reverse and remand for reclassification of the offense charged in Count II from a second degree felony to a third degree felony and for appropriate resentencing.
CAMPBELL and ALTENBERND, JJ., concur.