643 So.2d 89 (1994)
Bryan K. RICHARDS, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2912.
District Court of Appeal of Florida, Third District.
October 5, 1994.
Randolph Q. Ferguson, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand and Fariba N. Komeily, Asst. Attys. Gen., for appellee.
Berger & Shapiro and Kenneth W. Shapiro, Ft. Lauderdale, for Anti-Defamation League of B'nai B'rith, as amicus curiae.
Before HUBBART, COPE and GODERICH, JJ.
HUBBART, Judge.
In a prior appearance of this case, we held that Florida's Hate Crimes Enhancement Statute [§ 775.085, Fla. Stat. (1991)] was unconstitutional *90 as being void for vagueness, and, accordingly, reversed the defendant Bryan K. Richards' convictions entered upon a jury verdict for (1) aggravated battery [§ 784.045(1)(a)(1), Fla. Stat. (1991)] and (2) simple battery [§ 784.03, Fla. Stat. (1991)] as a reclassified first-degree felony and third-degree felony, respectively, under the Hate Crimes Enhancement Statute  and remanded the cause to the trial court with directions to enter judgments of conviction and sentences for the above two offenses, as an unenhanced second-degree felony and first-degree misdemeanor, respectively. Richards v. State, 608 So.2d 917 (Fla. 3d DCA 1992). As we noted in our opinion, this decision necessarily allowed the state to appeal our determination on this issue to the Florida Supreme Court under Article V, Section 3(b)(1) of the Florida Constitution, should it elect to do so. 608 So.2d at 917.
The state did, in fact, appeal our decision to the Florida Supreme Court, and the Court, after considering the appeal, held that "[o]n the authority of our decision in State v. Stalder, 630 So.2d 1072 (Fla. 1994), in which the issue presented here was decided, we reverse the decision of the district court of appeal and remand for further proceedings consistent with our opinion in Stalder." State v. Richards, 638 So.2d 44 (Fla. 1994). In Stalder, the Court upheld the constitutionality of Section 775.085, Florida Statutes (1991), against an attack that the statute violated the Free Speech clause of the United States Constitution. Although the Court did not expressly hold that the statute was also constitutional against a void-for-vagueness attack such as the one made in the instant case, the Court gave a narrowing construction to the above statute which, we conclude, renders the statute impervious against a void-for-vagueness attack. The Court interpreted the statute to apply only to "bias-motivated crimes," and that "[a] bias-motivated crime for purposes of this statute is any crime wherein the perpetrator intentionally selects the victim because of the victim's `race, color, ethnicity, religion, or natural origin.'" State v. Stalder, 630 So.2d at 1077.
In compliance, then, with the Florida Supreme Court's mandate, we apply the principles announced in Stalder to the central contention raised by the defendant in this appeal and conclude that the trial court did not commit reversible error, as urged, in denying the defendant's pretrial motion to strike the enhancement allegations of both counts of the information below under the Florida Hate Crimes Enhancement Statute [§ 775.085, Fla. Stat. (1991)]. Contrary to the defendant's argument, we hold that the statute is not unconstitutionally void for vagueness because, as construed by the Florida Supreme Court in Stalder, the statute clearly contains as one of its essential elements that the defendant was bias-motivated in committing the crime charged in that he or she intentionally selected the crime victim because of the victim's race, color, ethnicity, religion, or national origin. Given this narrowing construction, we conclude, contrary to our prior opinion in this case, that the penal statute herein is sufficiently explicit to inform those who are subject to its provisions what conduct on their part will render them liable to its penalties in accord with established Florida law on this subject.[1]
We further apply the principles of Stalder to a remaining contention raised by the defendant and conclude that the trial court committed reversible error, as urged, in refusing a defense request (a) to instruct the jury that prejudicial intent was an essential element of the hate-crime enhancement *91 allegations of the information, and (b) to allow an argument to the jury that the defendant lacked any such intent. As we noted in our prior opinion in this case,
"Moreover, the defendant attempted to defend the case below by contending that he lacked any `intent' to be `prejudice[d]' against the complainants, and that the racial and national origin epithets, if uttered by the defendant [which, in fact, he denied], were unconsciously blurted out in the heat of passion during a highly emotional altercation. The trial judge, however, refused, upon defense request, to instruct the jury that a `prejudicial intent' was required in order for the state to prove the punishment enhancement allegations of the information; nor would she allow counsel to make such an argument to the jury."
Richards v. State, 608 So.2d at 922-23.
The defense-requested jury instruction would have informed that jury that in order to establish the hate-crime enhancement allegations of the information, the state was required to prove that the defendant had a prejudicial intent  that is, that he was motivated by racial or national origin prejudice against the crime victims  in committing the crimes for which he was charged. And the defense-requested jury argument would have urged that the defendant lacked such an intent or motivation. Although we stated in our prior opinion in this case that these requests were understandably refused by the trial court "because it is not at all clear whether such prejudicial intent is an essential element of the statute," 608 So.2d at 923, the Florida Supreme Court has since clearly made such subjective intent or motivation an essential element of the subject statute. Stalder.
We, accordingly, reverse the judgments of conviction and sentences under review and remand the cause to the trial court with directions to order a new trial in which (a) an appropriate jury instruction on bias-motivation or intent, as discussed above, is given by the trial court, and (b) the defendant is allowed to argue to the jury he lacked such bias-motivation or intent.
Reversed and remanded.
NOTES
[1] Brock v. Hardie, 114 Fla. 670, 678-79, 154 So. 690, 694 (1934); see Falco v. State, 407 So.2d 203, 206 (Fla. 1981); Sanicola v. State, 384 So.2d 152, 153 (Fla. 1980); Brunelle v. State, 360 So.2d 70, 71 (Fla. 1978); Leeman v. State, 357 So.2d 703, 705 (Fla. 1978); State v. Wershow, 343 So.2d 605, 609 (Fla. 1977); Odom v. Deltona Corp., 341 So.2d 977, 986-87 (Fla. 1976); State v. Weeks, 335 So. 274, 276 (Fla. 1976); State v. Dinsmore, 308 So.2d 32, 35 (Fla. 1975); Slaughter v. State, 301 So.2d 762, 763-74 (Fla. 1974), cert. denied, 420 U.S. 1005, 95 S.Ct. 1448, 43 L.Ed.2d 763 (1975); State v. Mayhew, 288 So.2d 243, 247-48 (Fla. 1973); Tornillo v. Miami Herald Publishing Co., 287 So.2d 78, 85 (Fla. 1973), rev'd on other grounds, 418 U.S. 241, 94 S.Ct. 2831, 41 L.Ed.2d 730 (1974); State v. Lindsay, 284 So.2d 377, 379 (Fla. 1973); Newman v. Carson, 280 So.2d 426, 430 (Fla. 1973); Smith v. State, 237 So.2d 139, 140 (Fla. 1970); State ex rel. Lee v. Buchanan, 191 So.2d 33, 34 (Fla. 1966); Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102, 104 (1947).