705 So.2d 923 (1997)
Joseph ABBOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3103.
District Court of Appeal of Florida, Fourth District.
December 24, 1997.
*924 Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
This appeal arises from the trial court's jury instructions during appellant's trial for aggravated assault with a deadly weapon, and appellant's penalty enhancement under section 775.085, Florida Statutes (1995), based on appellant's use of derogatory racial slurs during the commission of the crime. The trial court instructed the jury that it could convict if it determined that "in committing an aggravated assault, [the defendant] evidenced prejudice based on race or color." Because the statute applies only to bias-motivated crimes under State v. Stalder, 630 So.2d 1072 (Fla.1994), the jury's finding that the defendant was guilty of a crime "evidencing racial prejudice" was insufficient to increase appellant's penalty under section 775.085. We therefore affirm the conviction but reverse for appellant to be resentenced for aggravated assault with a deadly weapon without the enhancement.
In Stalder, the supreme court held that the statute applied to crimes where the perpetrator intentionally selects the victim because of the victim's race, color, ethnicity, religion or national origin. It contrasted bias-motivated crimes with bias-motivated expression as follows:
First are those offenses committed because of prejudice. For instance, A beats B because B is a member of a particular racial group.... The targeted activity the selection of a victimis an integral part of the underlying crime. As such, the conduct is not protected speech at all, but rather falls outside the First Amendment and may be banned.
Second are those offenses committed for some reason other than prejudice but that nevertheless show bias in their commission. For example, A beats B because of jealousy, but in the course of the battery calls B a racially derogatory term. The targeted conduct herethe expression of biasis related to the underlying crime in only the most tangential way: The expression and crime share the same temporal framework, nothing more. This tenuous nexus, which amounts to mere temporal coincidence, is irrelevant for constitutional purposes. The proscribed conduct consists of pure expression ... and cannot be selectively banned.
Id. at 1076. The third district, in applying the principles of Stalder, has held that a defendant demonstrates reversible error when the trial court refuses to instruct the jury that prejudicial intent was an essential element of the hate-crime penalty enhancement. See Richards v. State, 643 So.2d 89 (Fla. 3d DCA 1994). The court stated:
The defense-requested jury instruction would have informed that jury that in order to establish the hate-crime enhancement allegations of the information, the state was required to prove that the defendant had a prejudicial intentthat is, that he was motivated by racial or national origin prejudice against the crime victimsin committing the crimes for which he was charged.
Id. at 91 (emphasis added).
In the instant case, the trial court instructed the jury as follows:
Now, the first element would be that Mr. Abbott intentionally and unlawfully threatened, by either words or an act, to do violence to Mr. Pope.
That, second, at the time Mr. Abbott appeared to have the ability to carry out the threat.
Third, that the act of Mr. Abbott created in the mind of Mr. Pope a well-founded fear that violence was about to take place.
And fourth, that the assault was made with a deadly weapon, that being the alleged, it's a box cutter and/or razor blade.
And fifth, that the Defendant, Mr. Abbott, in committing an aggravated assault, evidenced prejudiced [sic] based on race or color.
Under these instructions the jury could have convicted the appellant for merely uttering a *925 derogatory term during the commission of the crime, the second category of offense which the supreme court determined as the expression of bias rather than bias-motivated. Indeed, that is how the state argued the case to the jury. It invited the jury to convict the appellant because he was yelling racial slurs while pointing a knife at the victim. That is precisely the type of conduct which Stalder held did not constitute a constitutional application of the statute.
We do not agree with the appellant that this error entitles him to a new trial. As Judge Danahy pointed out in Woolfork v. State, 623 So.2d 823 (Fla. 2d DCA 1993), the use of the term "hate-crime," with reference to this statute, is a misnomer. The statute provides for penalty enhancement, not offense enhancement. See also Cabal v. State, 678 So.2d 315 (Fla.1996) (construing section 775.0845, providing for enhanced penalties for wearing a mask while committing offense, as penalty enhancing, not reclassification of offense). The bias-motivated and mask-wearing enhancement statutes are worded very similarly.
In this case, appellant was convicted of aggravated assault with a deadly weapon, a third degree felony, but sentenced, because of the finding of racial prejudice, as a second degree felon under section 775.085(1)(c). The jury verdict finding racial prejudice, however, suffered the same deficiency as the jury instruction, providing:
WE THE JURY, find as follows as to the Defendant in this case (check only one)

__ X A. The Defendant is Guilty of Aggravated Assault with a Deadly Weapon evidencing racial prejudice, as charged in the Information.
This insufficient finding by the jury makes this case analogous to cases where an offense has been enhanced for use of a firearm under section 775.087, but where there was an insufficient finding of fact by a jury regarding the use of a firearm. In those cases, even though the firearm statute is offense enhancing rather than sentence enhancing, the courts have uniformly reversed only for resentencing. See Hargrove v. State, 675 So.2d 1010 (Fla. 4th DCA 1996), approved by State v. Hargrove, 694 So.2d 729 (Fla.1997), and cases cited therein. We therefore conclude that in the present case, there having been no proper finding of fact that this was a bias-motivated crime as required by Stalder, the conviction should be affirmed, but appellant must be resentenced. We note that in Richards, which is on all fours, the third district reversed the conviction for a new trial without addressing whether the error could be corrected by resentencing.
We now address the only argument made by the state, that the appellant did not object to the jury instruction or the form of verdict or sentence which flowed from the erroneous instruction. The finding of fact made by the jury in its verdict, that the appellant evidenced prejudice, is insufficient for enhancement under section 775.085, which, as interpreted in Stalder, requires that the crime be bias-motivated. Appellant was thus sentenced as a second degree felon when, based on the verdict, he could only have been sentenced as a third degree felon. We conclude that the error raised by the appellant, who was sentenced after section 924.051(3), Florida Statutes became effective, is fundamental. See Medberry v. State, 699 So.2d 857, 859 n. 1 (Fla. 5th DCA 1997)(fundamental error occurs when a defendant is adjudicated and sentenced for an offense greater in degree than that returned in the verdict), and Bisson v. State, 696 So.2d 504 (Fla. 5th DCA 1997) (imposition of investigative costs on defendant, where state did not request costs and there was no documentation to support it, is an illegal sentence and therefore fundamental error).
We affirm the conviction, but remand for resentencing.
WARNER and KLEIN, JJ., and PARIENTE, BARBARA J., Associate Judge, concur.