875 So.2d 769 (2004)
Ennis Leonard ROGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3254.
District Court of Appeal of Florida, Second District.
June 18, 2004.
*770 J.L. "Ray" LeGrande of LeGrande & LeGrande, P.A., Fort Myers, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Ennis Leonard Rogers challenges his conviction and sentence for aggravated battery. We affirm Rogers' conviction without discussion, but reverse Rogers' sentence and remand for resentencing.
Rogers was charged by information that alleged:
On or about June 14, 2002 in Lee County, Florida, [Rogers] did unlawfully commit a battery upon Tony Peterson, Jr., by actually and intentionally touching or striking said person against said person's will or by intentionally causing bodily harm to said person, and in committing said battery, did intentionally or knowingly cause great bodily harm, permanent disability, or permanent disfigurement to the said Tony Peterson, Jr., or did use a deadly weapon, to wit: a firearm, contrary to Florida Statute 784.045; 775.087(2)(a)(3)....
(Emphasis added.)
After a bench trial, the trial court announced the following verdict:
The court finds the defendant, Ennis Rogers, guilty as charged of Aggravated Battery With a Firearm or Causing Great Bodily Harm.
The court further finds that during the commission of this offense the defendant, Ennis Rogers, possessed a firearm and discharged the firearm and as a result of the discharge, great bodily harm was inflicted upon a person Tony Peterson.
(Emphasis added.)
Rogers was sentenced to life imprisonment pursuant to section 775.087(2)(a)(3), Florida Statutes (2001), which provides for an enhanced sentence when a person discharges a firearm during the commission of an enumerated felony *771 and thereby inflicts serious bodily harm. The State concedes that the trial court erred by enhancing Rogers' sentence because the information alleged that Rogers "did use" a firearm but it did not allege that he "discharged" the firearm.
The grounds for enhancement of a sentence must be charged in the information. See Jackson v. State, 852 So.2d 941, 944 (Fla. 4th DCA 2003), review denied, 869 So.2d 540 (Fla.2004). An allegation of "use" of a firearm will not sustain an enhanced sentence under section 775.087(2)(a)(3), because a firearm may be used to inflict serious bodily injury without being discharged, and the statute requires that the weapon be discharged for the enhancement to apply. See Altieri v. State, 835 So.2d 1181, 1183 (Fla. 4th DCA 2002). Furthermore, neither the trial court's finding that Rogers discharged the firearm nor the inclusion of the statute number in the information cures the defect in the information. See id.; Koch v. State, 874 So.2d 606 (Fla. 5th DCA 2004).
Accordingly, we affirm Rogers' conviction, reverse the sentence, and remand for resentencing.
COVINGTON and WALLACE, JJ., Concur.