884 So.2d 139 (2004)
Timothy WHITEHEAD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-865.
District Court of Appeal of Florida, Second District.
July 16, 2004.
STRINGER, Judge.
Timothy Whitehead appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the trial court's denial of three claims, but we reverse and remand for the trial court to correct an illegal sentence pursuant to a claim that Whitehead inartfully attempted to raise in his motion and that is apparent from the face of the record but that the trial court failed to address.
On March 6, 2002, a jury convicted Whitehead of aggravated battery with a deadly weapon, and the jury specifically found that Whitehead used and discharged a firearm. The trial court imposed a minimum mandatory sentence of twenty years *140 in prison pursuant to section 775.087(2)(a)(2), Florida Statutes (1999).
The amended information attached to his rule 3.800(a) motion indicates that the information did not charge that Whitehead discharged a firearm. The information only charged the use of a firearm, but the court enhanced Whitehead's sentence for discharging a firearm under section 775.087(2)(a)(2). The grounds for enhancement of a sentence must be charged in the information. See Rogers v. State, 875 So.2d 769 (Fla. 2d DCA 2004); Altieri v. State, 835 So.2d 1181 (Fla. 4th DCA 2002). A firearm may be used without being discharged; therefore, an allegation of "use" will not sustain an enhancement for discharging a firearm under 775.087(2)(a)(2). See Rogers, 875 So.2d 769. Furthermore, neither the jury's finding that the firearm was discharged nor the inclusion of the statute number in the information cures the defect in the information. See id.
Because the information did not charge the grounds for enhancement, Whitehead's minimum mandatory sentence is illegal and may be corrected at any time under rule 3.800(a). See Leath v. State, 805 So.2d 956 (Fla. 2d DCA 2001). Accordingly, we reverse and remand for the trial court to resentence Whitehead under the Criminal Punishment Code. The trial court shall strike the twenty-year minimum mandatory sentence, but it shall impose the ten-year minimum mandatory sentence for use of a firearm pursuant to section 775.087(2)(a)(1).
Affirmed in part, reversed in part, and remanded.
COVINGTON and CANADY, JJ., concur.