885 So.2d 1041 (2004)
Gonzalo RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4416.
District Court of Appeal of Florida, Second District.
November 17, 2004.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Gonzalo Rodriguez appeals his convictions and sentences as to various crimes and the denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).[1] Although we find no reversible error as to Rodriguez's convictions, we reverse and remand for further proceedings due to a sentencing error.
Rodriguez argues that his twenty-year sentence for aggravated battery with a deadly weapon is illegal. First, he asserts that the sentence exceeds the fifteen-year statutory maximum for that crime, which is a second-degree felony. See §§ 775.082(3)(c), 784.045(1)(a)(2), (2), Fla. Stat. (1999). Second, he contends that because the use of the weapon was an essential element of the underlying offense, the trial court could not properly reclassify the offense to a first-degree felony under section 775.087, Florida Statutes (1999), which allows reclassification of a crime when a weapon or firearm is used. See Crawford v. State, 858 So.2d 1131, 1132 (Fla. 2d DCA 2003); Brown v. State, 806 So.2d 576, 577 (Fla. 2d DCA 2002).
The State properly concedes that Rodriguez's sentence on the aggravated battery *1042 charge is illegal. Accordingly, we reverse that sentence and remand for further proceedings. On remand, the State will have the option of (1) agreeing that Rodriguez shall be resentenced to a legal sentence for this charge or (2) withdrawing from the plea agreement and proceeding to trial on the original charges. See Barthel v. State, 862 So.2d 28, 29 (Fla. 2d DCA 2003); see also Wallen v. State, 877 So.2d 737, 738 (Fla. 5th DCA 2004).
Reversed and remanded.
SALCINES and CANADY, JJ., Concur.
NOTES
[1] Rodriguez's counsel initially filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This court ordered supplemental briefing regarding the legality of the sentence for aggravated battery with a deadly weapon. Thereafter, we permitted Rodriguez to withdraw the Anders brief and to file a motion to correct sentence in the trial court. Because the trial court did not rule on Rodriguez's motion within sixty days of its filing, the motion was deemed denied. See Fla. R.Crim. P. 3.800(b)(2)(B); Jackson v. State, 793 So.2d 117, 118 (Fla. 2d DCA 2001). The parties have submitted merits briefs with respect to Rodriguez's sentence for aggravated battery with a deadly weapon.