916 So.2d 36 (2005)
Donald W. ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1405.
District Court of Appeal of Florida, Second District.
December 7, 2005.
*37 CASANUEVA, Judge.
Donald W. Adams appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the trial court's denial of one claim without comment but reverse and remand for the trial court to correct an illegal sentence pursuant to another claim that Adams unartfully raised in his motion.
On July 11, 2002, a jury convicted Adams of aggravated battery, and the jury specifically found that Adams' use and discharge of a firearm caused the victim great bodily harm, permanent disability, or permanent disfigurement. The trial court sentenced Adams to a minimum mandatory term of twenty-five years' imprisonment pursuant to section 775.087(2)(a)(3), Florida Statutes (2001).
The information failed to allege that Adams discharged a firearm. The information alleged only that Adams "used and actually possessed a firearm during the commission of the offense." The trial court improperly enhanced Adams' sentence for discharging a firearm under section 775.087(2)(a)(3), because the grounds for enhancement of a sentence must be charged in the information. Whitehead v. State, 884 So.2d 139, 140 (Fla. 2d DCA 2004). "An allegation of `use' of a firearm will not sustain an enhanced sentence under section 775.087(2)(a)(3) because a firearm may be used to inflict serious bodily injury without being discharged, and the statute requires that the weapon be discharged for the enhancement to apply." Rogers v. State, 875 So.2d 769, 771 (Fla. 2d DCA 2004) (citing Altieri v. State, 835 So.2d 1181 (Fla. 4th DCA 2002)). Neither the jury's finding that the firearm was discharged nor the inclusion of the statute number in the information cured the defect in the information. Whitehead, 884 So.2d at 140.
Adams' minimum mandatory sentence is illegal because the information did not include the grounds for enhancement. Accordingly, we reverse and remand for the trial court to resentence Adams in accordance with section 775.087(2)(a)(1).
Affirmed in part, reversed in part, and remanded.
SALCINES and VILLANTI, JJ., Concur.