940 So.2d 551 (2006)
Karl FREUDENBERGER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5651.
District Court of Appeal of Florida, Second District.
October 27, 2006.
*552 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Karl Freudenberger was convicted and sentenced for three offenses that he committed against a Lutheran church: arson in the second degree, criminal mischief to a place of worship, and burglary of a structure. Mr. Freudenberger's sentences on the arson and burglary charges were enhanced under section 775.085, Florida Statutes (2003), commonly referred to as Florida's "Hate Crimes Statute." We affirm the judgments. However, because the jury did not make specific findings of fact to support the enhanced sentences, we reverse the sentences on the arson and burglary convictions and remand for resentencing.

I. THE PROCEEDINGS IN THE CIRCUIT COURT
The State charged Mr. Freudenberger with committing three offenses against the Apostles Lutheran Church located in Brandon: arson in the second degree, section 806.01(2), a second-degree felony (count one); criminal mischief to a place of worship resulting in damage greater than $200, section 806.13(2), a third-degree felony (count two); and burglary of a structure, section 810.02(4)(a), a third-degree felony (count three). The State sought to enhance the penalty for the arson and burglary offenses under section 775.085. The trial court gave the jury the 1997 version of the standard instruction concerning the requested enhancement. See *553 Fla. Std. Jury Instr. (Crim.) 3.3(f).[1] The jury returned guilty verdicts on the underlying offenses. The trial court adjudged Mr. Freudenberger to be guilty and imposed concurrent sentences as follows:

Count one: arson in the second degree, thirty years.

Count two: criminal mischief to a place of worship resulting in damage greater than $200, five years.

Count three: burglary of a structure, fifteen years.
The length of the sentences for the arson and burglary offenses reflected the reclassification of these felonies to the felony of the next higher degree in accordance with section 775.085.

II. THE ISSUES
On appeal, Mr. Freudenberger raises two issues. First, he argues that the trial court erred in denying his request for a jury instruction on the insanity defense. This argument is without merit, and we affirm Mr. Freudenberger's convictions on the underlying offenses without further discussion.
Second, Mr. Freudenberger argues that the trial court erred in enhancing the degrees of the offenses on the arson and burglary charges under section 775.085, the Hate Crimes Statute. The statute provides, in pertinent part:
(1)(a) The penalty for any felony ... shall be reclassified as provided in this subsection if the commission of such felony . . . evidences prejudice based on the . . . religion . . . of the victim:
. . . .
3. A felony of the third degree is reclassified to a felony of the second degree.
4. A felony of the second degree is reclassified to a felony of the first degree.
. . . .
(3) It is an essential element of this section that the record reflect that the defendant perceived, knew, or had reasonable grounds to know or perceive that the victim was within the class delineated in this section.
Mr. Freudenberger advances two grounds in support of his challenge to the enhancement in the degrees of the arson and burglary offenses under this statute: (1) the information failed to allege a factual predicate for the enhancement[2] and (2) the jury's verdict did not contain sufficient findings of fact to support the enhancement. Although we are not persuaded by the first ground, we agree with the second. We will discuss each of Mr. Freudenberger's arguments on this point separately.

*554 III. DISCUSSION
A. The Adequacy of the Information
Mr. Freudenberger concedes that the information supports a judgment of conviction on all counts. Instead, he argues that the information does not "properly allege the enhancement" and thus does not adequately put him on notice of the State's intent to pursue an enhanced sentence under section 775.085. The State responds that "[t]he information . . . does, in fact, precisely track the language of the statute." (Emphasis added.) Based on this claim of linguistic precision, the State concludes that Mr. Freudenberger "was properly notified of the charges." Thus the initial question we address is whether the statutory language and the language of the charging document are identical in their form or in their effect.
We begin by comparing the pertinent statutory language with the enhancement allegations contained in the information:
[Statute:] The penalty for any felony . . . shall be reclassified as provided in this subsection if the commission of such felony . . . evidences prejudice based on the . . . religion . . . of the victim.
§ 775.085(1)(a) (emphasis added).
[Information] ... and during the commission of this [felony] did evidence prejudice based on the religion of APOSTLE'S [sic] LUTHERAN CHURCH.
(Emphasis added.) We also note that the information included a reference to section 775.085 by the statute number.
The State's claim of a precise correspondence between the statutory language and the language of the information will not withstand examination. We perceive a significant distinction between the use of the conjunction "if" in the statute and the employment of the preposition "during" in the information. We are guided in these grammatical investigations by the teaching of our supreme court in State v. Stalder, 630 So.2d 1072 (Fla.1994). In Stalder, the court adopted a limiting construction of section 775.085. In accordance with this limiting construction, the application of the statute is restricted to circumstances where the commission of the crime itself evidences prejudice; the mere exhibition of prejudice during the commission of the crime is insufficient to warrant enhancement of the offense. Id. at 1076-77. Put differently, the statute applies only to bias-motivated crime, i.e., a crime wherein the perpetrator selects the victim because of one or more of the victim's attributes delineated in the statute. Id. In its opinion, the court contrasted bias-motivated crime with a crime during which bias is merely exhibited. Id. The former is subject to the enhanced penalty feature of the statute while the latter is mere expression, which is protected speech. Id. Hence the State's use of the word "during" in the information arguably describes conduct that is not subject to reclassification under the statute based on the limiting construction adopted in Stalder.
Expanding on this theme, Mr. Freudenberger argues that the information does not allege conduct that would invoke the enhancement provisions of section 775.085 because the language used failed to allege that he selected the church as his victim because of its Lutheran faith. In support of his argument, Mr. Freudenberger relies on several decisions that have addressed discrepancies between the allegation of a sentencing enhancement for the use of a firearm in the charging document and the imposition of a greater enhancement at the sentencing of the defendant for the discharge of a firearm. These cases have arisen in the context of section 775.087(2)(a), the "10-20-Life Statute." In *555 one of these cases, we said that "[t]he grounds for enhancement of a sentence must be charged in the information" and that "neither the jury's finding that the firearm was discharged nor the inclusion of the statute number in the information cures the defect in the information." Whitehead v. State, 884 So.2d 139, 140 (Fla. 2d DCA 2004) (concluding that "[a] firearm may be used without being discharged; therefore, an allegation of `use' will not sustain an enhancement for discharging a firearm under 775.087(2)(a)(2)"); see also Adams v. State, 916 So.2d 36, 37 (Fla. 2d DCA 2005) (following Whitehead); Davis v. State, 884 So.2d 1058, 1060 (Fla. 2d DCA 2004) (noting that "the minimum terms mandated ... cannot be legally imposed unless the statutory elements are precisely charged in the information") (emphasis added); Rogers v. State, 875 So.2d 769 (Fla. 2d DCA 2004) (reversing life sentence imposed for discharge of a firearm with the infliction of great bodily harm under section 775.087(2)(a)(3) where the information alleged use of a firearm); Jackson v. State, 852 So.2d 941 (Fla. 4th DCA 2003) (reversing life sentence imposed for discharge of a firearm with the infliction of great bodily harm under section 775.087(2)(a)(3) where the information alleged that the defendant carried a firearm). Based on these decisions, Mr. Freudenberger contends that the grounds for a bias-motivated penalty enhancement were not alleged in the information. He further contends that this defect cannot be cured by the inclusion of the statute number in the information, by the giving of proper instructions to the jury, or by a sufficient finding of fact in the jury's verdict.
While the cases on which Mr. Freudenberger relies are compelling, they are also distinguishable. In each of the cases cited, the State's information alleged the use of a firearm, but the trial court imposed a sentence enhancement appropriate for the discharge of a firearma specific and important difference in the application of the minimum terms mandated by section 775.087(2)(a). The use of a firearm requires a ten-year minimum sentence under section 775.087(2)(a)(1), while the discharge of a firearm requires a twenty-year minimum under section 775.087(2)(a)(2). Furthermore, if death or the infliction of great bodily harm results from the discharge of a firearm, then section 775.087(2)(a)(3) requires a twenty-five-year minimum sentence. The requirement in Rogers, Adams, Whitehead, Davis, Jackson, and similar decisions for precision in the allegations of fact necessary to support a penalty enhancement stems from the complexity of section 775.087 and the variety of sentencing outcomes possible under its multiple provisions. See Inmon v. State, 932 So.2d 518 (Fla. 4th DCA 2006) (reviewing the provisions of section 775.087 in detail and explaining the necessity for the State to plead specifically the basis for a requested enhancement under that statute). In the "10-20-Life" cases relied on by Mr. Freudenberger, the State charged each defendant with the use of a firearm, but the trial court sentenced each defendant for the discharge of a firearm or for the discharge of a firearm resulting in great bodily harm. The State's failure to allege that the defendants had discharged a firearm required that the enhanced sentences for either the discharge of a firearm or the discharge of a firearm causing great bodily harm be reversed. In those cases, the imprecision of the language in the charging documents had the effect of denying the defendants their right to notice and an opportunity to prepare for trial on the charges against them.
In Mr. Freudenberger's case, however, the potential for confusion and prejudice caused by imprecise language in the charging *556 document is substantially less than in the cases upon which he relies. The penalty enhancer that the State sought to apply to Mr. Freudenberger is not subject to increase or decrease in the degree of its severity. Unlike section 775.087, section 775.085 does not have multiple parts and a complex set of penalty provisions. Furthermore, the supreme court's decision in Stalder leaves no doubt that a bias-motivated crimewhere the perpetrator specifically selects the victim based on one or more of the victim's attributes delineated in the statuteis the subject of the "Evidencing prejudice" conduct referred to in the statute's title. Therefore, Mr. Freudenberger had no reason to be confused or misled about the allegations in the information and the intended sentence enhancement.
For these reasons, we conclude that the enhanced sentences imposed on Mr. Freudenberger for the arson and burglary convictions are not illegal based on the inadequacy of the information to allege the intended enhancement. We turn now to a consideration of Mr. Freudenberger's argument based on the sufficiency of the jury's verdicts to sustain the sentence enhancements.
B. The Sufficiency of the Jury's Verdicts
We begin with a review of the choices presented to the jury in the verdict form for count one and count three:
Count One:
 X A. The defendant is guilty of Arson Evidencing Prejudice, as charged.
___ B. The defendant is guilty of the lesser included offense of Arson.
___ C. The defendant is not guilty.
Count Three:
 X A. The defendant is guilty of Burglary of a Structure Evidencing Prejudice, as charged.
___ B. The defendant is guilty of the lesser included crime of Burglary of a Structure[.]
___ C. The defendant is guilty of the lesser included crime of Trespass in a Structure.
___ D. The defendant is not guilty.
Initially, we note that a literal reading of the jury's verdicts would suggest that Mr. Freudenberger was found guilty of "Arson Evidencing Prejudice" and "Burglary of a Structure Evidencing Prejudice." There are no such crimes, and arson and burglary of a structure are not lesser included offenses of them. As this court has previously noted, the term "hate crime" is a misnomer. See Woolfork v. State, 623 So.2d 823, 823 (Fla. 2d DCA 1993). Section 775.085 does not create a new category of crimes consisting of existing offenses that become elevated in degree when the element of motivation based on bias is present. Instead, section 775.085 is an enhancement statute providing for the reclassification of offenses under certain circumstances. Id. On its face, the verdict form does not reflect this distinction.[3]
However, these technical defects in the verdict form do not determine the *557 result in this case. The important question is whether the verdicts on the arson and burglary offenses contain sufficient findings of fact to support the enhancements. "Before the trial court may impose the minimum mandatory sentence, the jury must make a specific finding of the fact that dictates the minimum mandatory sentence." Muldrow v. State, 842 So.2d 240, 241 (Fla. 2d DCA 2003). Similarly, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); see Thompson v. State, 862 So.2d 955, 958 (Fla. 2d DCA 2004); Alusma v. State, 939 So.2d 1081 (Fla. 4th DCA 2006). In this case, the jury did not make the necessary specific findings to support the enhancements. The jury's verdicts do not include a finding that Mr. Freudenberger selected the church as his victim because of a bias against its religion. On the contrary, the most generous reading of the jury's verdicts suggests that the jury found that Mr. Freudenberger merely exhibited prejudice based on religion during the commission of the arson and burglary offenses. Such a finding is insufficient under Stalder to warrant the enhancement of the penalty for the arson and burglary offenses in accordance with section 775.085.
The State argues that the "as charged" language in the verdicts cures any deficiency because the information included a reference to section 775.085 by the statute number. The State also contends that the jury instructions cured any deficiency in the verdicts because the jury instructions specifically required that for the penalty enhancement to apply, the jury must find that Mr. Freudenberger knew of the victim's religion and that he selected the victim because of that knowledge. The State asks us to "consider the charging document, instructions, and verdict form together."
We do not agree that these three documentstaken togetherestablish that the jury found that the arson and burglary offenses were motivated by bias. The State attempts to distinguish Woolfork, but we find it directly on point. In Woolfork, the information alleged that "in the commission of such felony, the [defendant] evidenced prejudiced [sic] based upon the race of the victim," and the jury's verdict found the defendant "guilty of obstructing or opposing an officer with violence and evidencing prejudice based upon the race of the victim, as charged." 623 So.2d at 823-24. Defense counsel in Woolfork successfully requested a jury instruction that tracked the exact language of the statute.[4] Nevertheless, the Woolfork court concluded that "[a]dding the words `as charged' [to the jury verdict form did] not help the situation because the charge was also incorrectly worded." Id. at 824. The deficiency in the jury's verdict in Woolfork prevented the application of the section 775.085 enhancement. Id. We also note that the Fourth District has found a similar jury verdict to be insufficient to support an enhancement under section 775.085. See Abbott v. State, 705 So.2d 923, 925 (Fla. 4th DCA 1997).[5]
*558 The language of the information and of the jury verdict in Woolfork is very similar to the language used in the information and in the jury verdicts under review in this case. As in Woolfork, we hold that the deficiency in the jury's verdicts prevents the application of the enhancement under section 775.085. Accordingly, we reverse Mr. Freudenberger's sentences on the arson and burglary offenses, and we remand this case to the trial court for resentencing on those offenses without the application of the section 775.085 enhancement. We affirm the sentence on the criminal mischief conviction.
Judgments affirmed; sentences affirmed in part and reversed in part; and remanded.
WHATLEY and SILBERMAN, JJ., Concur.
NOTES
[1] The standard jury instruction for "aggravation of a felony by evidencing prejudice," § 775.085, Fla. Stat., was substantially revised and rewritten in 2000. See In re Standard Jury InstructionsCriminal Cases (99-1), 765 So.2d 692, 705-06 (Fla.2000). For reasons unknown, the revised version of this jury instruction does not appear in the published versions of the Florida Standard Jury Instructions in Criminal Cases that this court has consulted. Therefore, we believe that it is likely that both the parties and the trial court were unaware of the new version of section 3.3(f).
[2] We reject the State's unsupported assertion that Mr. Freudenberger failed to preserve this ground for appellate review because he failed to attack the adequacy of the information before trial. Mr. Freudenberger properly challenged the enhanced sentences for the arson and burglary offenses with a motion filed under Florida Rule of Criminal Procedure 3.800(b)(2). See Whitehead v. State, 884 So.2d 139 (Fla. 2d DCA 2004); Jackson v. State, 852 So.2d 941 (Fla. 4th DCA 2003).
[3] The 1997 version of the jury instruction for the section 775.085 enhancement directs the members of the jury that if they find certain facts then they are to "find the defendant guilty of (crime charged) evidencing prejudice." In re Standard Jury Instructions in Criminal Cases (97-1), 697 So.2d 84, 96-97 (Fla.1997). We suspect that the trial court adopted this language from the instruction in preparing the verdict forms which used the terms "Arson Evidencing Prejudice" and "Burglary of a Structure Evidencing Prejudice." The revised version of the instruction approved in 2000 does not use the formulation "(crime charged) evidencing prejudice." In re Standard Jury InstructionsCriminal Cases (99-1), 765 So.2d at 705-06.
[4] A standard jury instruction for section 775.085 was not adopted until July 1997. See In re Standard Jury Instructions in Criminal Cases (97-1), 697 So.2d at 96-97. This was several years after the trial in Woolfork.
[5] In Abbott, the jury's finding was: "The Defendant is Guilty of Aggravated Assault with a Deadly Weapon evidencing racial prejudice, as charged in the Information." 705 So.2d at 925.