PER CURIAM.
Raymond Bernard Anderson presents a timely claim of ineffective assistance of appellate counsel, arguing that his counsel was ineffective for failing to preserve two alleged errors through motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), and in failing to pursue those issues on appeal if necessary. We find no merit to petitioner’s contention that his appellate counsel was ineffective for failing to challenge the imposition of a minimum mandatory term based on the jury’s finding that he had discharged a firearm during the commission of his crime. However, we agree with petitioner that his appellate counsel should have pursued a claim that the trial court erred in enhancing his conviction for a second-degree felony to a first-degree felony based on the use of a firearm, and in imposing sentence accordingly.
Anderson was charged by information with second-degree murder, and the jury returned a verdict finding him guilty of the lesser included offense of third-degree murder. As to the lesser included offense, the jury was instructed that it could find Anderson guilty of third-degree murder if it concluded that the victim’s death occurred during the commission of an aggravated assault. Petitioner asserts that under these circumstances, his conviction for third-degree murder, a second-degree felony, could not lawfully be enhanced to a first-degree felony based on the use of a firearm because the use of a firearm has already been taken into ac *146 count in the underlying charge of aggravated assault. See, e.g., Gonzalez v. State, 585 So.2d 932 (Fla.1991); Collazo v. State, 936 So.2d 782 (Fla. 4th DCA 2006); Tunsil v. State, 797 So.2d 651 (Fla. 3d DCA 2001).
The state does not dispute the merits of petitioner’s argument that his conviction was erroneously reclassified, asserting instead that this claim would not be cognizable in a rule 3.800(b)(2) motion, and appellate counsel therefore cannot be faulted for failing to identify, preserve, and pursue this issue. We conclude that in so doing, the state ascribes too broad a reading to Jackson v. State, 983 So.2d 562 (Fla.2008), which holds that the denial of counsel at sentencing is not a “sentencing error” cognizable under rule 3.800(b). We decline to interpret Jackson as disapproving the body of case law involving instances in which claims similar to the one at issue here were the subject of motions under rule 3.800(b). See, e.g., Freudenberger v. State, 940 So.2d 551 (Fla. 2d DCA 2006); Blanc v. State, 899 So.2d 455 (Fla. 4th DCA 2005); Rodriguez v. State, 885 So.2d 1041 (Fla. 2d DCA 2004). Consistent with these decisions and given that petitioner was sentenced to a term exceeding that authorized by law had his offense been classified as a second-degree felony, we find that the issue could have been raised by rule 3.800(b)(2) motion, and appellate counsel’s failure to do so constitutes ineffective assistance. See, e.g., Flowers v. State, 965 So.2d 1233 (Fla. 1st DCA 2007); Jones v. State, 964 So.2d 855 (Fla. 2d DCA 2007); Mack v. State, 955 So.2d 51 (Fla. 1st DCA 2007); Evans v. State, 904 So.2d 638 (Fla. 1st DCA 2005).
Finally, the state suggests that the remedy available to petitioner is limited to a new direct appeal in order to determine the merits of any issue that should have been raised in the original appeal. However, where a second appeal would be redundant or unnecessary, it is appropriate to simply grant petitioner the relief to which he would have been entitled had the issue been raised in the original appeal. See, e.g., Grimsley v. State, 967 So.2d 1132 (Fla. 2d DCA 2007); Jones v. State, 964 So.2d 855 (Fla. 2d DCA 2007); Evans v. State, 904 So.2d 638 (Fla. 1st DCA 2005). Because the state has posited no meaningful argument refuting petitioner’s contention that his conviction was improperly enhanced, we deem a second appeal to be unnecessary.
Accordingly, the petition alleging ineffective assistance of appellate counsel is GRANTED, the sentence imposed with respect to petitioner’s third-degree murder conviction is REVERSED, and the matter is REMANDED for resentencing as to that count.
WOLF, LEWIS, and ROBERTS, JJ., concur.