PER CURIAM.
 

 Felix Cabrera (Defendant) appeals an order of the Broward County circuit court, summarily denying his rule 3.800(a) motion to correct illegal sentence, seeking additional credit for jail time served, and the order denying his motion for rehearing.
 

 Defendant sought credit for time served in the St. Lucie County Jail in connection with an unrelated offense. He alleged that late in February 2006, soon after his arrest in St. Lucie County, he was served with a violation of probation warrant in connection with the instant Broward case. In April 2007, over a year later, he was transferred to Broward County after the St. Lucie case was resolved.
 

 The trial court denied the motion based on the state’s response, which argued that Defendant did not provide sufficient information to establish his entitlement to additional credit because he failed to list the specific dates of his incarceration, and did not attach any documentation to support his claim. Defendant argued in his motion for rehearing that his indigence prevented him from obtaining records from the St. Lucie County Jail, but the state could obtain them, and they would demonstrate his entitlement to the additional credit. He argued that he had to be allowed the same opportunity to litigate as a person of means.
 

 A motion for jail time credit is cognizable under rule 3.800(a) only if the movant “affirmatively alleged that the court records demonstrate on their face an entitlement to relief.”
 
 State v. Mancillo,
 
 714 So.2d 429, 433 (Fla.1998) (emphasis added);
 
 see also Toro v. State,
 
 719 So.2d 947, 948 (Fla. 4th DCA 1998) (adopting requirement that rule 3.800(a) motion for jail time credit “will have to allege where in the record the information can be located and explain how the record demonstrates entitlement to the relief requested.”) (emphasis added). Defendant’s motion was insufficient in that it did not affirmatively allege where his Broward County records would demonstrate his entitlement to relief — he alleged only that those records would be found with the St. Lucie County sheriff. Even if he could obtain the records, under rule 3.800(a) he would not be entitled to an evidentiary hearing during which he could offer them into evidence; a claim of error that cannot be established without relying on facts that are not evident on the face of the record is a claim that cannot be adjudicated under rule 3.800(a).
 
 Johnson v. State,
 
 60 So.3d
 
 *1173
 
 1045, 1053 (Fla.2011) (citing
 
 Brooks v. State,
 
 969 So.2d 238 (Fla.2007)).
 
 [1]
 

 Affirmed.
 

 HAZOURI, MAY and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . Had Defendant filed a timely sworn rule 3.850 motion raising this claim, the state would have had the burden of refuting it, and an evidentiary hearing would have been possible. But even if this were the case, or even if the records concerning the date when Defendant was served with the Broward warrant were a matter of record in his Broward case, Defendant is mistaken that he automatically would be entitled to credit for all the time he was incarcerated in St. Lucie County after service of the Broward warrant. Taking judicial notice under section 90.202(6), Florida Statutes, of our own file in Defendant's prior rule 3.850 appeal, which contains a transcript of his plea and sentencing colloquy, it is clear that the trial court rejected Defendant’s request for his sentence in this case to be made concurrent with his sentence in his then recently resolved St. Lucie County case. In light of the fact that the sentences were run consecutively, Defendant could not be entitled to jail time credit for the time he spent in St. Lucie County jail in connection with the St. Lucie County case against his sentence in the Broward County case.
 
 Ransone v. State,
 
 20 So.3d 445 (Fla. 4th DCA 2009),
 
 approved,
 
 48 So.3d 692 (Fla.2010).