MORRIS, Judge.
Arthur Young appeals the order denying his timely postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised fourteen grounds for relief. We reverse and remand for further proceedings on grounds three and eleven only. We affirm as to Young’s other claims without further discussion.
On June 9, 2006, a jury found Young guilty of second-degree murder with a firearm (count one) and robbery with a firearm (count two). On July 21, 2006, the court sentenced Young to concurrent terms of life imprisonment on each count with a minimum mandatory of twenty-five years. Following the affirmance of his judgment and sentence on direct appeal, Young filed a timely motion for postconviction relief pursuant to rule 3.850.
In ground three of this motion, Young alleged that his sentence for count two is illegal because the information failed to charge that he had discharged a firearm. Specifically, Young claimed that because the information for count two only charged him with robbery while possessing a firearm and not discharge of a firearm, this sentence could not be enhanced pursuant to the “10-20-Life” statute, section 775.087(2)(a), Florida Statutes (2002). See Rogers v. State, 875 So.2d 769, 771 (Fla. 2d DCA 2004).
In its response to ground three, the State conceded that the information did not allege that Young discharged a firearm causing great bodily harm during the robbery charged in count two. The information for count two merely stated that Young committed the charged crime while actually possessing a firearm. As such, even though the jury ultimately found Young guilty of having discharged a firearm causing great bodily harm in this count, the State acknowledged that the *543 mandatory minimum sentence for ground two should be reduced from twenty-five years to ten. See § 775.087(2)(a)(1); Davis v. State, 884 So.2d 1058, 1060 (Fla. 2d DCA 2004) (“[T]he minimum terms mandated by the ’10-20-Life’ statute, section 775.087(2), cannot be legally imposed unless the statutory elements are precisely charged in the information”).
Despite the State’s concession, the postconviction court denied ground three, finding that because the information in count one charged Young with killing the victim by shooting him with a firearm, the discharge of a firearm causing great bodily harm necessary to support the jury verdict for count two could be inferred. However, the case law does not support enhancing a sentence by inference in this context, and this court has previously granted relief on postconviction challenges comparable to Young’s. See Adams v. State, 916 So.2d 36, 37 (Fla. 2d DCA 2005); Whitehead v. State, 884 So.2d 139, 140 (Fla. 2d DCA 2004). Specifically, in order for a court to enhance a defendant’s sentence based on section 775.087(2), the grounds for enhancement must be clearly charged in the information. Adams, 916 So.2d at 37. In addition, “neither the jury’s finding that the firearm was discharged nor the inclusion of the statute number in the information cures the defect in the information.” Whitehead, 884 So.2d at 140.
Here, count two of the information charged only that “in the course of committing said robbery, [Young] did carry and actually possess a firearm.” Finally, to the extent that Young is actually challenging the legality of his sentence within a rule 3.850 motion, “[w]here a mov-ant files a properly pleaded claim but incorrectly styles the postconviction motion in which it was raised, the trial court must treat the claim as if it had been filed in a properly styled motion.” Gill v. State, 829 So.2d 299, 300 (Fla. 2d DCA 2002). Therefore, the postconviction court’s denial on this ground must be reversed and remanded in accordance with the State’s recommendation: Young’s mandatory minimum sentence on count two should be reduced from twenty-five years to ten. See § 775.087(2)(a)(l).
In ground eleven, Young alleged that the trial court failed to award him credit for time served in the Lee County Jail. In support, he claimed that he was in jail from the date of his July 17, 2002, arrest until his July 21, 2006, sentencing and thus was entitled to four years and four days of jail credit. Instead, the written sentence reflects that he was given zero days of jail credit. In its order, the postconviction court dismissed this claim without prejudice to its being raised properly in a rule 3.800(a) motion. However, jail credit claims are cognizable in rule 3.850 motions. See Blake v. State, 807 So.2d 772, 773 (Fla. 2d DCA 2002) (holding that jail credit issues can be raised in a rule 3.850 motion “ ‘if the defendant is requesting additional jail credit due to factual matters not ascertainable from the trial court’s records’ ” (quoting Thomas v. State, 611 So.2d 600, 601 (Fla. 2d DCA 1993))). In addition, Young has pointed to the record — specifically his booking sheet, jail card, written judgment and sentence, and sentencing transcripts — in support of his entitlement to jail credit. As such, he has raised a facially sufficient claim under rule 3.800(a) as well. See Cabrera v. State, 62 So.3d 1171, 1172 (Fla. 4th DCA 2011). Therefore, the postconviction court’s dismissal on this ground must be reversed and remanded for consideration on the merits.
Because Young has raised facially sufficient challenges to his sentence in grounds three and eleven, we must reverse and remand the postconviction court’s denial *544 on these grounds only. With respect to ground three, the postconviction court is instructed to reduce Young’s mandatory minimum sentence on count two from twenty-five years to ten. With respect to ground eleven, the postconviction court is instructed to either attach portions of the record conclusively refuting Young’s claim, conduct an evidentiary hearing, or grant Young the requested four years and four days of jail credit.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and KHOUZAM, JJ., Concur.