PER CURIAM.
Spencer Senter appeals the summary denial of his motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). Senter claims that he is entitled to additional credit on his Collier County sentence for the time he spent incarcerated in Lee County in 2009 and 2010. He alleges that he was held in Lee County on no bond pursuant to a Collier County warrant for the charges underlying his current conviction. The postconviction court denied this claim because “[t]here is no record evidence that Defendant was in jail on a Collier County warrant for the instant case on the dates for which he claims credit.”
Though Senter attached his Lee County booking sheet and first appearance order to his initial motion, it does not appear that these documents are part of the record in his Collier County case. Because Senter relies on extra-record documents to support his claim, it is not cognizable under rule 3.800(a). However, Senter’s motion was properly sworn and was filed within the two-year filing window. Thus, the postconviction court should have considered it under Florida Rule of Criminal Procedure 3.850. See Young v. State, 86 So.3d 541, 543 (Fla. 2d DCA 2012) (explaining that jail credit claims are cognizable in rule 3.850 motions “if the defendant is requesting additional jail credit due to factual matters not ascertainable from the trial court’s records” (quoting Blake v. State, 807 So.2d 772, 773 (Fla. 2d DCA 2002))). Therefore, we reverse and remand for the postconviction court to consider this claim on the merits as if filed under rule 3.850.
Reversed and remanded.
NORTHCUTT, KHOUZAM, and CRENSHAW, JJ., Concur.