# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2763

_____

TERRY MARSHALL III,

   Petitioner,

   v.

STATE OF FLORIDA,

   Respondent.

_____

Petition Alleging Ineffective Assistance of Appellate Counsel—
Original Jurisdiction.

March 29, 2018

PER CURIAM.

Terry Marshall III robbed an acquaintance at gunpoint. After Marshall was convicted of armed robbery, the trial court sentenced him to thirty-three years in prison as a habitual violent offender pursuant to section 775.084, Florida Statutes. As part of that sentence, the court imposed a fifteen year mandatory-minimum term. *See* § 775.084(4)(b), Fla. Stat. (2012) (providing that a habitual violent felony offender convicted of a first-degree felony "shall not be eligible for release for 15 years"). Because the jury found Marshall was in actual possession of a firearm during the robbery, the court also imposed a ten year mandatory-minimum term. *See* § 775.087(2)(a)1., Fla. Stat. (2012) (providing that an offender who actually possessed a firearm during certain offenses, including robbery, "shall be sentenced to a minimum term of

imprisonment of 10 years"). Over defense counsel's objection, the court orally imposed the two mandatory-minimum terms consecutively. Marshall's direct appeal, which only challenged an evidentiary ruling during trial, resulted in affirmance without opinion. *Marshall v. State*, 166 So. 3d 772 (Fla. 1st DCA 2015) (table).

Marshall now files a petition alleging ineffective assistance of appellate counsel. He claims his appointed attorney should have contested the consecutive mandatory-minimum terms. He correctly contends the consecutive sentences were not permitted by law.* *See Jones v. State*, 667 So. 2d 349, 349 (Fla. 1st DCA 1995) ("[O]n the authority of the recent decision of the Florida Supreme Court in *Jackson v. State*, 659 So. 2d 1060 (Fla. 1995), we hold that the trial court erred in imposing a consecutive three-year minimum mandatory sentence for the use of a firearm together with a 15-year habitual violent felony offender sentence for offenses that arose out of a single criminal episode."). The State argues that Marshall cannot demonstrate the required prejudice to be entitled to relief, *see Rutherford v. Moore*, 774 So. 2d 637, 643 (Fla. 2000), because the written judgment and sentence imposed the two mandatory-minimum terms concurrently. But the oral pronouncement controls, *Ashley v. State*, 850 So. 2d 1265 (Fla. 2003), and Marshall is currently serving an unlawful sentence.

We conclude Marshall's appellate counsel was ineffective for failing to move to correct the sentence and, if unsuccessful, raising the issue on direct appeal. *See* Fla. R. App. P. 9.140(e) (providing that a sentencing error may not be raised on appeal unless first brought to the attention of the lower court at the time of sentencing or by a rule 3.800(b) motion); Fla. R. Crim. P. 3.800(b) (2) (permitting appellate counsel to file a motion to correct a sentencing error while a direct appeal is pending); *Anderson v. State*, 988 So. 2d 144, 146 (Fla. 1st DCA 2008) (finding appellate counsel ineffective for failing to file a rule 3.800(b)(2) motion challenging an illegal reclassification of the degree of felony).

---

\* Marshall raises a second ineffective assistance claim which we reject without discussion.

2

Accordingly, we grant the petition and direct the trial court to resentence Marshall. *See id.* ("[W]here a second appeal would be redundant or unnecessary, it is appropriate to simply grant petitioner the relief to which he would have been entitled had the issue been raised in the original appeal.").

PETITION GRANTED.

WOLF, OSTERHAUS, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Terry Marshall III, pro se, Petitioner.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Respondent.