FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2022-0574
_____

GARY CORNEL MELTON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Jennie Kinsey, Judge.

June 12, 2024

ORDER ON MOTION FOR REHEARING AND CERTIFICATION

PER CURIAM.

We deny Appellant's motion for rehearing and certification.

In his motion for rehearing and certification, Appellant argues, again, that his motion under Florida Rule of Criminal Procedure 3.800(b) properly presented an alleged "sentencing error" because it addressed a "sentencing enhancement." This Court, in contrast, ruled that "whether a defendant convicted of a permissive lesser included offense, which was not properly charged in the information . . . . is not an issue of sentencing enhancement" and therefore did not present a "sentencing error" that could be raised by motion under Rule 3.800(b). *Melton v. State*, 49 Fla. L.

Weekly D688, D689 (Fla. 1st DCA Mar. 27, 2024). Although we cited cases holding that a 3.800(b) motion "is not the correct procedural vehicle for attacking the merits of an underlying criminal conviction," s*ee Profit v. State*, 382 So. 3d 778 (Fla. 1st DCA 2024); *Echeverria v. State*, 949 So. 2d 331 (Fla. 1st DCA 2007), Appellant complains that we cited no authority concerning the precise facts at issue in this case, which is whether burglary of an occupied structure is a "sentencing enhancement" to the crime of burglary of a structure and therefore a valid "sentencing error" claim under Rule 3.800(b). To the extent that no prior case involves this exact set of facts, we take this opportunity to clarify that the rule of law noted in these prior cases *does* apply to this case.

Appellant claims that *Anderson v. State*, 988 So. 2d 144 (Fla. 1st DCA 2008) and *Freudenberger v. State*, 940 So. 2d 551 (Fla. 2d DCA 2006), stand for the proposition that issues involving "sentencing enhancement" may be raised by 3.800(b) motion. In *Anderson*, the offense appears to have been reclassified from a second-degree felony to a first-degree felony pursuant to section 775.087(1), Florida Statutes, which permits reclassification of crimes to a higher degree when they involve firearm use. *Anderson*, 988 So. 2d at 146. In *Freudenberger*, the offenses were reclassified to higher degree felonies pursuant to section 775.085(1), Florida Statutes, which permits reclassification of crimes to a higher degree when they involve evidence of prejudice based on race or other characteristics. *Freudenberger*, 940 So. 2d at 552. Sections 775.085(1) and 775.087(1) are obvious sentence enhancement provisions. They generally apply to any crime if a certain fact appears—in those cases use of a firearm or evidence of prejudice—and require the permitted sentence to be increased. As such, errors involving application of sections 775.085(1) or 775.087(1) can easily be characterized as "sentencing errors" that can be raised by 3.800(b) motion, as the courts in *Anderson* and *Freudenberger* stated.

But unlike sections 775.085(1) or 775.087(1), which merely provide a method to reclassify the available penalty for any crime, section 810.02 describes and criminalizes a specific act, burglary. Like many crimes, the felony level of burglary depends on the existence of certain facts, as set forth in the statute. The elements of the crime include these additional facts. *See, e.g.*, Fla. Std. Jury

Instr. (Crim.) 13.1 (describing the elements of various types of burglary). Whether a structure was occupied is one of those facts. Regardless of whether the existence of one of these facts is characterized as an "enhancement" of a lesser crime or as a lesser-included offense of a greater crime, a question relating to the existence of one of these facts, or the propriety of finding one of these facts, is an issue regarding the elements of the offense, not a sentencing issue.[*] Accordingly, we make clear that an alleged error regarding the existence or propriety of one of the elements of burglary, as set forth in section 810.02, is not an alleged sentencing error pursuant to Rule 3.800(b).

LEWIS, WINOKUR, and M.K. THOMAS, JJ., concur.

---

Jessica J. Yeary, Public Defender, and Victor D. Holder, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Adam B. Wilson, Assistant Attorney General, Tallahassee, for Appellee.

---

[*] This point explains the inapplicability of *State v. Hamilton*, 660 So. 2d 1038 (Fla. 1995), to this issue. The mere fact that *Hamilton* uses the phrase "enhances the penalty" when describing the effect of the existence of certain facts in a burglary prosecution does not transform the issue into a "sentencing error" as that term is used in Rule 3.800(b). In fact, *Hamilton* precedes the adoption of the first version of the current Rule 3.800(b), so it cannot establish whether any particular claimed error is a "sentencing error" under that rule. *See Amends. to Fla. Rule of App. Proc. 9.020(g) & Fla. Rule of Crim. Proc. 3.800*, 675 So. 2d 1374 (Fla. 1996). Moreover, the *Hamilton* case itself discusses the matter as an issue of the elements of the offense, not as a sentencing issue.