WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence for the offense of attempting to throw a missile into an occupied vehicle. We find that the evidence was sufficient to establish the necessary elements of the offense, but that the trial court erred by excluding the testimony of a defense witness as a discovery sanction without conducting an adequate inquiry into the surrounding circumstances; we therefore reverse the order appealed.
Appellant was charged with throwing a missile into an occupied vehicle in violation of § 790.19, Florida Statutes.[1] At trial a witness testified that while he was travelling in his vehicle on the highway at 25 to 30 miles per hour, appellant pulled alongside in a vehicle travelling at a similar speed and hurled a can at the witness’ car. We find that such testimony is sufficient to permit a jury finding that the object thrown “would produce death or great bodily harm” within the intendment of the statutory language, and that the evidence is otherwise sufficient to establish that appellant did attempt to throw such object at an occupied vehicle.
During trial appellant sought to present the testimony of a witness who was not included on a pre-trial witness list. Appellant’s counsel indicated that the testimony would be “favorable, beneficial and exculpatory,” and that the witness had been made available to be interviewed by the state attorney on the morning of trial. Counsel further explained that he had himself not spoken to the witness prior to the morning of trial. The trial court ascertained that appellant had been free on bail and had known the witness’ identity. Stating that “the Court doesn’t want to take testimony,” and without conducting any further inquiry, the court declined to permit the witness to testify.
While a trial court has the discretionary authority to exclude a witness’ testimony as a sanction for the failure of a party to comply with an applicable discovery rule, see Fla.R.Crim.P. 3.220(j)(l), in exercising such discretion it is essential that the court inquire as to the circumstances surrounding the discovery violation. See Zeigler v. State, 402 So.2d 365 (Fla.1971); Cooper v. State, 377 So.2d 1153 (Fla.1979); Richardson v. State, 246 So.2d 771 (Fla.1971). As Richardson established, the court should ascertain whether the discovery violation was inadvertent or willful, whether the violation was trivial or substantial, and what prejudicial effect the violation would have on the opposing party’s case. Although Richardson pertained to prosecutorial violations of discovery rules, the Richardson standard has likewise been extended to defense violations. See Bradford v. State, 278 So.2d 624 (Fla.1973).
In the present case the limited inquiry which the trial court conducted is clearly deficient under Richardson. The court made no attempt to ascertain the extent to which the state would be prejudiced, and the court further “made no *63 search for a manner in which to rectify any possible prejudice short of the exclusion.” Compare Adams v. State, 366 So.2d 1236 (Fla. 2d DCA 1979). While appellant made no proffer of the contested testimony, in the circumstances here presented we do not deem such proffer to be essential. We therefore find that the trial court abused its discretion by excluding the witness’ testimony without conducting an adequate inquiry into the circumstances of, and considering less severe sanctions for, appellant’s discovery violation.
A post-trial inquiry being insufficient to cure the error,[2] we accordingly reverse the judgment and sentence appealed and remand the cause for a new trial.
SMITH and WIGGINTON, JJ., concur.

. Section 790.19, Florida Statutes, provides that: Whoever, wantonly or maliciously, ... throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm, at, within, or in any ... vehicle of any kind which is being used or occupied by any person ... shall be guilty of a felony of the second degree ....

. See Smith v. State, 372 So.2d 86 (Fla.1979).