PER CURIAM.
The State appeals the dismissal of a criminal information, based upon the States failure to comply with numerous motions to compel discovery, and failure to produce a critical witness at a Richardson hearing. We affirm.
The State filed an information on December 10, 2002, charging Tony Gillis (“defendant”), with burglary, grand theft and criminal mischief. On December 12, 2002, the defendant invoked reciprocal discovery. The State did not comply.
On January 13, 2003, the court granted a defense motion to compel discovery. Again, the State did not comply.
On March 5, 2003, the court granted a second defense motion to compel discovery. The State again failed to comply.
On March 14, 2003, the court granted a third defense motion to compel discovery and ordered the State to comply within five days. The State once again did not comply.
On March 28, 2003, the court granted the State a continuance for trial, after being assured that the State would provide defense counsel with the oft requested discovery. No discovery came forth.
On May 9, 2003, the court granted a fourth motion to compel discovery and ordered the State to comply within five days as the speedy trial period was about to expire. On May 14, 2003, defense counsel filed a notice of expiration of the speedy trial period.
On May 19, 2003, the State finally provided the defense with partial discovery. As a result of this partial discovery, albeit very late, the defense discovered viable defense information. The partial discovery revealed there were two separate sets of footprints at the crime scene.
Immediately, the defense requested a Richardson hearing alleging that they were prejudiced in their defense preparation because the exculpatory evidence went to the heart of their defense. At the Richardson hearing, the State could not articulate any efforts the State had taken to compare the footprints found at the scene with those of the defendant.
Exhibiting exceptional equanimity, the court reset the Richardson hearing for 9:00 a.m. the following morning and ordered the State to have their witnesses present, specifically the crime scene technician. The court informed the State that if all their witnesses were not present, the court would dismiss the information.
The next morning, the court called the case at 10:35 a.m. The State failed to produce the crime scene technician for the hearing and did not provide any reason for her absence. Thereafter, the court dismissed the information finding that the States series of acts were willful violations that substantially prejudiced the defendant.
Florida Rule of Criminal Procedure, 3.220(n)(l) provides:
[I]f at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may order the party to comply with the discovery or inspection of materials not previously disclosed or produced, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.
While dismissal of an action for failing to obey a court’s pre-trial order is an appro *705 priate sanction, it is a drastic remedy which should only be used sparingly and in extreme situations. See State v. Del Guadio, 445 So.2d 605 (Fla. 3d DCA 1984).
We determine the States actions in this case fall into the narrow category where this extreme sanction is appropriate. See State v. White, 792 So.2d 606 (Fla. 4th DCA 2001)(dismissal appropriate sanction for states failure to secure victims participation), State v. Alfonso, 478 So.2d 1119 (Fla. 4th DCA 1985)(dismissal appropriate sanction for repeated discovery violations).
Here, the State failed to comply with the initial discovery request and four motions to compel discovery. The States actions in failing to provide this requested discovery compromised the defendants identification defense. It was crucial to the defendant to show that the footprints found at the scene did not match his. The State blatantly ignored numerous court orders thus delaying the administration of justice. See Morales v. Perez, 445 So.2d 393 (Fla. 3d DCA 1984)(default judgment appropriate sanction where party failed to comply with numerous discovery orders), State v. Hilliard, 409 So.2d 211 (Fla. 4th DCA 1982)(court did not abuse its. discretion in dismissing information for numerous discovery violations); Singh v. Tolz, 380 So.2d 1326 (Fla. 4th DCA 1980)(administration of justice cannot be achieved if there is a conscious disregard of a courts order). Under these circumstances, it was within the trial courts discretion to dismiss the information and thus we affirm the order below.
Affirmed.
SCHWARTZ, C.J., and GERSTEN, J., concur.