903 So.2d 960 (2005)
Michael J. PEZZO, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-1653.
District Court of Appeal of Florida, First District.
April 20, 2005.
Rehearing Denied June 6, 2005.
Nancy Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for appellant.
Charlie Crist, Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
Michael Pezzo appeals his judgment and sentence imposed following his nolo contendere plea to the second-degree felony offense of lewd and lascivious molestation of a child younger than 16 but older than 12, as charged in the state's second amended information. See § 800.04(5)(c)(2), Fla. *961 Stat. (2004). Pezzo seeks review of the dispositive issue of the trial court's denial of his motion for speedy trial discharge. See Fla. R.Crim. P. 3.191. We agree with Pezzo that his speedy trial rights were violated and that he is entitled to reversal of his judgment and sentence and to be discharged forever from the charged crimes.
Pezzo, a 21-year-old airman who had consumed alcohol, became amorous on a beach with an intoxicated girl who was only 15 years of age. He was arrested and charged with lewd and lascivious battery, a charge which required the state to prove that union or penetration occurred. See § 800.04(1)(a), (4), Fla. Stat. (2004). When the state did not bring him to trial on the 176th day following his arrest, Pezzo filed a notice of expiration of the speedy trial period. It does not appear from the record that the trial court held the required hearing within five days.[1]See Fla. R.Crim. P. 3.191(p)(3). Jury selection began on the 189th day following arrest. A jury was selected to try Pezzo for the specific charge of lewd and lascivious battery, a charge against which Pezzo's counsel was prepared to defend.
Then, after the expiration of the state's recapture period, see Florida Rule of Criminal Procedure 3.191(p), the state filed an amended information which no longer charged Pezzo with lewd and lascivious battery. Rather, the amended information charged Pezzo with lewd and lascivious molestation against a person under the age of 12. In an act precariously close to assisting the state with its prosecution of Pezzo, the trial court pointed out to the state that the amended information contained a significant error in that the amended information charged appellant with molesting a victim who was less than 12 years of age, whereas the original information alleged the victim to be 15 years of age. The state then acknowledged this error and the further additional errors that the amended information also cited the incorrect statute and characterized the crime as a first-degree felony. The state brushed aside these errors as merely "typographical" and, over defense objection, the state was allowed to file a second amended information which alleged that Pezzo committed lewd and lascivious molestation against a person older than 12 but younger than 16. See § 800.04(5)(c)(2), Fla. Stat. (2004).
Relying on State v. Williams, 791 So.2d 1088 (Fla.2001)(holding that speedy trial time begins to run when an accused is taken into custody and continues to run even if the State does not act until after the expiration of that speedy trial period), defense counsel argued that his client was entitled to be discharged from the amended information alleging molestation because the state did not bring that charge until after the speedy trial period had expired. Defense counsel further asserted that Pezzo was entitled to dismissal of the amended information because the jury had been selected to try a case of batterynot a case of molestation.
The state argued that Pezzo was not entitled to discharge because it had not waited until after the expiration of speedy trial time to charge Pezzo, but had merely amended the charges. The state argued that it had committed no error because it can substantively amend an information during trial even over a defendant's objections, unless a defendant's substantive rights are prejudiced. Because both charges arose from the same set of facts and circumstances and involved the same witnesses, the state asserted that the defense *962 was not in any way prejudiced by the amended information.
The trial court, agreeing with the state's argument, analogized the instant facts to cases where the state had been allowed to amend charges even after the statute of limitations had run. Because those cases indicated that the state is allowed to amend charges after expiration of the statute of limitations (so long as the amended charges are sufficiently linked to the original charge), the trial court denied the defense motions for dismissal and discharge. The trial court did recognize, however, that the defense was prejudiced to the extent that the jury had been selected to try Pezzo for the specific charge of lewd and lascivious battery. Because the defense was not ready to defend against a charge of molestation, a crime consisting of different elements, the trial court dismissed the jury with the intent to allow the defense to select a new jury to try Pezzo for lewd and lascivious molestation. Pezzo then entered a plea of no contest to the amended charge, specifically reserving the right to appeal the denial of speedy trial discharge.
The trial court erred by denying the motion for speedy trial discharge. The state may file charges against a defendant at any time during the speedy trial period, up to and including the 175th day. See State v. Naveira, 873 So.2d 300, 305 (Fla.2004). However, the state may not file any charge based on the facts giving rise to the arrest after the 175th day. Moreover, although the state may amend an information after the speedy trial time expires, the state may not circumvent the intent and effect of the speedy trial rule by lying in wait until the speedy trial time expires and then amending an existing information in such a way that results in the levying of new charges (if those new charges arise from the same facts and circumstances giving rise to the original charge). Because lewd and lascivious battery requires proof of union or penetration, whereas lewd and lascivious molestation can be proven by proof of inappropriate touching even on the outside of the victim's clothing, the state's amendment had the effect of charging Pezzo with a new crime which arose from the same facts and circumstances giving rise to the original charge. This the state may not do.[2]
Because the state did not bring Pezzo to trial on the original charge within the speedy trial period, and because the state abandoned its recapture of the original charge by amending the information in such a way that effectively nolle prossed the original charge and alleged a wholly new crime arising from the same facts and *963 circumstances, the trial court should have granted Pezzo's motion for speedy trial discharge. Pezzo's conviction and sentence are reversed and this case is remanded with instructions that he be forever discharged from the charged crimes.
ALLEN, DAVIS and BROWNING, JJ., concur.
NOTES
[1] No prejudice appears to flow from this error because jury selection began before the expiration of the state's recapture period. See Fla. R.Crim. P. 3.191(p)(3).
[2] The courts have held that the speedy trial time period for all crimes arising out of the same criminal conduct or episode commences from the date the defendant is taken into custody, even for crimes not charged in the information filed by the state. See Reed v. State, 649 So.2d 227 (Fla.1995); State v. Hanna, 858 So.2d 1248 (Fla. 5th DCA 2003); Walker v. State, 390 So.2d 411 (Fla. 4th DCA 1980); Robinson v. Lasher, 368 So.2d 83 (Fla. 4th DCA 1979); State v. Thaddies, 364 So.2d 819 (Fla. 4th DCA 1978); Deloach v. State, 338 So.2d 1141 (Fla. 1st DCA 1976); Clark v. State, 318 So.2d 513 (Fla. 4th DCA 1975); see also Burk v. Washington, 713 So.2d 988 (Fla. 1998); Gibson. Therefore, if an amended information is filed after the speedy trial time period has expired and the defendant has not previously waived his or her right to speedy trial, then upon proper motion by the defendant, the new charges contained in the amended information must be dismissed if they arose from the same criminal episode as the charges contained in the original information. Under these circumstances, it is not necessary to file a notice of expiration because the time limit has expired. All that is necessary is that the defendant file a motion for discharge directed to the new charges.

State v. Clifton, 895 So.2d 513 (Fla. 5th DCA 2005) (emphasis supplied).