982 So.2d 1270 (2008)
The STATE of Florida, Appellant,
v.
Reinaldo LOPEZ, Appellee.
No. 3D06-3174.
District Court of Appeal of Florida, Third District.
June 4, 2008.
*1271 Bill McCollum, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellant.
Juan D. Gonzalez, Miami, for appellee.
Before WELLS, SHEPHERD, and LAGOA, JJ.
WELLS, Judge.
The State of Florida appeals from an order dismissing charges against Reinaldo Lopez for violation of the speedy trial rule. See Fla. R.Crim. P. 3.191. Because we agree that Lopez waived his right to a speedy trial, we reverse.
Lopez was arrested on June 17, 2005, and, on July 8, 2005, was charged with aggravated assault with a deadly weapon and criminal mischief. On October 17, 2005, the case came before the trial court for the first time. During a hearing that was as short as it was convivial, Lopez expressly agreed to a joint continuance:
MR. GONZALEZ [COUNSEL FOR LOPEZ]: Good morning, Judge.
THE COURT: Good morning, Mr. Gonzalez.
MR. GONZALEZ: How, [sic] nice to be here again.
THE COURT: Always good to see you.
MR. GONZALEZ: Thank you, Judge. On page 31 of your calendar, the State of Florida versus Reinaldo Lopez, he's present in the courtroom, Judge.
THE DEFENDANT: Good morning.
MR. GONZALEZ: I had some pleasant and constructive talk with the Assistance [sic] State Attorney on this case. I believe that we Are [sic] both asking for a continuance, a joint continuance. It's the first time up on the case and I know that she just recently got the case or something and I firmly believe that once she gets involved in it 
THE COURT: She'll be overwhelmed and it will be a love [sic] and good feeling.
MR. GONZALEZ: My persuasive ways will be so much.
MS. PERESS [FOR THE STATE]: He's working on me, Judge. We're not ready we have to look into our witness and victim. I believe the Defense has to do deposition on his side. So if we can have a joint continuance.
THE COURT: Very well. There being no prior continuance, Court finds good cause. Grant the motion for continuance.
CALENDAR CLERK: December 23 for sounding, 1/9 for trial.
MR. GONZALEZ: Thank you very much.
THE COURT: You're welcome.
(Emphasis added).
On October 26, 2006, Lopez filed a notice of expiration of speedy trial seeking dismissal of the charges against him claiming that the State had failed to provide discovery. The trial court struck the notice. But the next time the parties appeared, *1272 the court below vacated its earlier order striking the notice of expiration of speedy trial, refused to permit the State to telephone its witnesses to see if they were available then and there for trial, and dismissed the case for violating Lopez' right to a speedy trial. We reverse.
When Lopez agreed to a joint continuance, he waived his right to a speedy trial. See Stewart v. State, 491 So.2d 271, 272 (Fla.1986) (observing that defense request for continuance before speedy trial period runs waives speedy trial right); Casimir v. McDonough, 932 So.2d 471, 473 (Fla. 3d DCA 2006) (deciding that joint continuance granted well before expiration of speedy trial period resulted in waiver of the right to a speedy trial). While some sanction may be appropriate if a discovery violation is demonstrated to exist, dismissal of the charges against Lopez for a speedy trial violation cannot be sustained. See Fla. R.Crim. P. 3.220(n); see also State v. Carpenter, 899 So.2d 1176, 1182 (Fla. 3d DCA 2005) ("Dismissal of an information is ... an extreme sanction that should be used with caution, and only when a lesser sanction would not achieve the desired result.").
The order on appeal is therefore reversed and this case remanded for further proceedings consistent herewith.