EMAS, J.
The State of Florida appeals from the entry of an order dismissing four of the five counts in the State’s third amended information. The State contends that because the amended information was filed before defendant filed his notice of expiration, the trial court erred in dismissing the amended charges. We affirm in part and reverse in part.
*307 Appellee Mark Conroy (“Conroy”) was arrested on February 24, 2008. On March 17, 2008, the State filed an information charging Conroy with Shooting or Throwing a Deadly Missile (Count One) and Criminal Mischief (Count Two).
In May 2008, the State filed an amended information, charging Conroy with Criminal Mischief (Count One) and Attempted First Degree Murder (Count Two). Count Two alleged that the victims of the Attempted First Degree Murder were “CLAUDIO PRADO and/or BELKIS VASQUEZ and/or LAZARO PRADO and/or ANGEL PRADO.”
In May 2009, following several continuances, the State filed a second amended Information, charging Conroy with Attempted First Degree Murder (Count One) (again alleging multiple victims in the same conjunctive/disjunctive manner); Shooting or Throwing a Deadly Missile (Count Two); and Aggravated Assault with a Firearm (Count Three). Count Three alleged that the victims of the Aggravated Assault were “CLAUDIO PRADO and/or BELKIS VASQUEZ and/or LAZARO PRADO and/or ANGEL PRADO.” Conroy was arraigned and the matter was set for trial on August 31, 2009.
After several additional continuances in 2009 and 2010, the matter was reset for trial on February 7, 2011. At that time the State requested a continuance of the trial date. Conroy did not object to the State’s request but' indicated he would file a demand for speedy trial. The court granted a State continuance and the matter was set for trial on April 25, 2011.
On February 22, 2011, Conroy filed a Demand for Speedy Trial pursuant to Florida Rule of Criminal Procedure 3.191(b). On February 23, the court held a hearing on the speedy demand and reset the trial date from April 25 to March 8. However, at a hearing on March 2, the State advised it would not be ready for trial March 8, but recognized that the original trial date of April 25 was no longer appropriate because a speedy demand had been filed and the April 25 trial date would fall outside the speedy trial period.[1]
Defense counsel indicated that he would not file a notice of expiration until April 25, 2011. The court reset the trial to the original date of April 25, 2011.
On April 25, 2011, the day of the scheduled trial, the State filed its third amended information, which is the subject of this appeal. This third amended information contained the original (and unamended) charge of Shooting or Throwing a Deadly Missile but significantly altered the Attempted First Degree Murder and Aggravated Assault counts in the following manner:
*308 Instead of a single count of Attempted First Degree Murder alleging four possible victims conjunctively and disjunctively (i.e., “CLAUDIO PRADO and/or BELKIS VASQUEZ and/or LAZARO PRADO and/or ANGEL PRADO”), the third amended information alleged two separate counts of Attempted First Degree Murder, naming Claudio Prado as the victim in Count One and Belkis Vazquez as the victim in Count Two;
In addition, instead of a single count of Aggravated Assault with a Firearm alleging four possible victims conjunctively and disjunctively (i.e., “CLAUDIO PRADO and/or BELKIS VASQUEZ and/or LAZARO PRADO and/or ANGEL PRADO”), the third amended information alleged two separate counts of Aggravated Assault with a Firearm, naming Claudio Prado as the victim in Count One and Belkis Vazquez in Count Two.
Thus, instead of three counts (Shooting or Throwing a Deadly Missile, Attempted First Degree Murder, and Aggravated Assault), this information now contained five counts (Shooting or Throwing a Deadly Missile, two counts of Attempted First Degree Murder, and two counts of Aggravated Assault).
On the same day that the State filed its third amended information, Conroy filed his notice of expiration of the speedy trial period (which he could have filed eleven days earlier, but for defense counsel’s agreement not to file it until April 25).
Conroy moved to dismiss all five counts of the third amended information. Following argument from both sides, the court entered an order dismissing Counts One and Two (Attempted First Degree Murders) and Four and Five (Aggravated Assaults), but denied the motion as to Count Three (Shooting or Throwing a Deadly Missile).[2] This appeal by the State followed.
While the granting of a motion to dismiss based on speedy trial grounds is generally reviewed de novo[3], see State v. Nelson, 26 So.3d 570, 573-74 (Fla.2010), the instant case presents multiple standards of review. Because the trial court granted the motion, at least in part, on a determination that the filing of the third amended complaint, after expiration of the speedy trial period, violated the intent and effect of the speedy trial rule[4] and resulted in prejudice to the defendant, the trial court’s action requires an exercise of judgment and discretion, which we review under an abuse of discretion standard. See e.g., State v. Gillis, 876 So.2d 703 (Fla. 3d DCA 2004) (applying abuse of discretion standard to review dismissal of informa *309 tion based upon violation of discovery rules); Hernandez v. City of Miami, 35 So.3d 942 (Fla. 3d DCA 2010) (applying abuse of discretion standard to review court’s dismissal of civil action as a sanction). To the extent our review involves the trial court’s interpretation or construction of the speedy trial rule itself, the standard of review is de novo.[5] See Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla.2006).
Florida Rule of Criminal Procedure 3.191(b) (2011) provides:
(b) Speedy Trial upon Demand. Except as otherwise provided by this rule, and subject to the limitations imposed under subdivisions (e) and (g), every person charged with a crime by indictment or information shall have the right to demand a trial within 60 days, by filing with the court a separate pleading entitled “Demand for Speedy Trial,” and serving a copy on the prosecuting authority.
(1) No later than 5 days from the filing of a demand for speedy trial, the court shall hold a calendar call, with notice to all parties, for the express purposes of announcing in open court receipt of the demand and of setting the case for trial.
(2) At the calendar call the court shall set the case for trial to commence at a date no less than 5 days nor more than 45 days from the date of the calendar call.
(3) The failure of the court to hold a calendar call on a demand that has been properly filed and served shall not interrupt the running of any time periods under this subdivision.
(4)If the defendant has not been brought to trial within 50 days of the filing of the demand, the defendant shall have the right to the appropriate remedy as set forth in subdivision (p).
Subdivision (p) provides the remedy and so-called “recapture period” once the applicable speedy trial period has expired:
(p) Remedy for Failure to Try Defendant within the Specified Time.
(1) No remedy shall be granted to any defendant under this rule until the court has made the required inquiry under subdivision (j).[6]
(2) At any time after the expiration of the prescribed time period, the defendant may file a separate pleading entitled “Notice of Expiration of Speedy Trial Time,” and serve a copy on the prosecuting authority.
(3) No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
Here, Conroy filed his demand for speedy trial on February 22, 2011. The fifty-day period within which to bring Con- *310 roy to trial expired on April 13, 2011. However, due to scheduling difficulties, the court set the trial for April 25, 2011, with Conroy’s agreement that the defense would not file a notice of expiration until that date. But the defendant did not agree to extend the speedy trial period, nor did the State request, or the trial court determine, that such an extension was warranted under the circumstances. See Rule 3.191(1) (setting forth exceptional circumstances permitting an extension of the speedy trial period).
Therefore, it is clear that by April 25 the speedy trial period had expired although no notice of expiration had yet been filed. The State contends that, because no notice of expiration was filed by the time the State filed its third amended information, the trial court erred in dismissing the four counts of the third amended information.
The trial court determined that dismissal was warranted because:
—The third amended information was filed after the expiration of the speedy trial period;
—The third amended information added two new substantive counts, exposing Con-roy to an additional mandatory minimum sentence of forty years on the additional counts[7], and an additional maximum sentence of life (attempted first degree murder) and five years (aggravated assault).
—The State’s filing of the third amended complaint to add these two new counts, more than three years after the initial information, after expiration of the speedy trial period, and on the day of trial, violated Rule 3.191(o).
Rule 3.191(0) provides:
(o) Nolle Prosequi; Effect. The intent and effect of this rule shall not be avoided by the state by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode or otherwise by prosecuting new and different charges based on the same conduct or criminal episode, whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.
Cases applying this subdivision of the rule have held:
[Although the state may amend an information after the speedy trial time expires, the state may not circumvent the intent and effect of the speedy trial rule by lying in wait until the speedy trial time expires and then amending an existing information in such a way that results in the levying of new charges (if those new charges arise from the same facts and circumstances giving rise to the original charge).
Pezzo v. State, 903 So.2d 960, 962 (Fla. 1st DCA 2005).[8]
Upon our review of the record, we hold that there was competent substantial evidence to support the trial court’s determination that the State’s actions were intended to avoid the intent and effect of the speedy trial rule.
The next question is whether the trial court abused its discretion in finding *311 Conroy was prejudiced by the filing of the third amended information after the expiration of the speedy trial period. We hold that the court did not abuse its discretion in making this determination. The third amended information now contains a total of five counts (instead of three), and the resulting prejudice to Conroy is obvious: after the speedy trial had expired and on the day trial was scheduled to commence, the State added two new, previously-un-filed charges (one count each of Attempted First Degree Murder and Aggravated Assault) exposing Conroy to possible additional sentences of life in prison and two twenty-year minimum mandatory terms. We conclude that the trial court did not abuse its discretion in determining that the amended information, adding two new counts after expiration of the speedy trial period and on the day of trial, resulted in prejudice to Conroy. See State v. Clifton, 905 So.2d 172 (Fla. 5th DCA 2005) (finding prejudice flowed from State amending information to include additional arson count after the expiration of the speedy trial period).
It is self-evident that permitting the State to charge new substantive offenses on the day of trial, after the speedy-trial-upon-demand period has expired, could adversely affect Conroy’s preparation and readiness for trial, thereby forcing Conroy to withdraw his previously-filed speedy demand to prepare to meet the newly-filed charges. The record supports the trial court’s determination of prejudice which flowed from the State’s actions.
However, the court dismissed not only these “new” charges (Counts Two and Five), but dismissed Counts One and Four as well, presumably on the basis that these were now “different” charges, since the State amended the original counts to remove the “and/or” language and the allegation of multiple victims. We hold that the trial court erred in the dismissal of these counts. Because this requires the interpretation of the phrase “new and different charges” under Rule 3.191(o), we review de novo this aspect of the court’s order.
In granting the dismissal, the trial court should have tailored the dismissal to vitiate the prejudice suffered by Conroy as a result of the State’s amendment. Instead of dismissing the four counts (i.e., both attempted murder and both aggravated assault charges) the court should have either required the state to elect among the counts (Count One or Two but not both; Count Four or Five but not both) or should simply have stricken the third amended information and reinstated[9] the second amended information, thus placing the parties back in the same position they occupied prior to the filing of the third amended information. See Whitehall v. State, 81 So.Sd 599 (Fla. 2d DCA 2012) (reinstating the prior original information because the amended information constituted a new charge filed after the speedy trial period had expired).
The trial court evidently concluded that, because the State “split” the attempted murder count into two “new” counts (removing the “and/or” and instead charging a single victim in each of the two counts), both Counts One and Two (and Counts Four and Five) were all “new” charges. We hold that this was an erroneous application of Rule 3.191(o). Surely if *312 the State, instead of filing a new information with new charges, had merely amended Count One and Count Three to remove the multiple victim allegations and allege only a single victim in each of those counts, there could be no claim of prejudice by Conroy.[10]
In conclusion, we hold the trial court did not abuse its discretion in determining that the State’s filing of the third amended information, after the expiration of the speedy trial period but before the filing of the notice of expiration, and the addition of new and different charges on the day of trial, resulted in cognizable prejudice to the defendant and violated Rule 3.190(o).
However, we reverse that portion of the trial court’s order dismissing counts One, Two, Four and Five, and remand to the trial court with directions to reinstate the second amended information.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

. Contraiy to the position, it took before the trial court, the State argues on appeal that the speedy trial period had not yet expired on April 25, the date on which the third amended information was filed. The State's position on appeal is incorrect. Pursuant to Florida Rule of Criminal Procedure 3.191(b), ("Speedy Trial upon Demand”), a defendant has a right to demand a speedy trial. Within five days of the demand, the trial court must hold a calendar call and set the case for trial no less than five days, nor more than forty-five days, from the date of the calendar call. If the defendant has not been brought to trial within fifty days of the filing of the demand, the defendant is entitled to file a notice of expiration and the appropriate remedy under Rule 3.190(p).
The speedy trial demand was filed on February 22, 2011. Thus, the speedy trial period began to run on February 23, 2011 (see Fla. R. Jud. Admin. 2.514(a)), and the fifty-day speedy trial period expired on April 13, 2011, entitling Conroy to file a notice of expiration after that date (but for his agreement to withhold filing of the notice until the trial date of April 25).

. Count Three of the third amended information is not a subject of this appeal.

. In determining the appropriate standard of review, the focus should be not on the nature of the procedural act (e.g., granting a sworn motion to dismiss v. granting a motion to suppress) but rather the underlying adjudicative basis for the action (e.g., conclusions of law v. determinations of fact). Where the procedural act is premised on more than one adjudicative basis, we may be required to apply multiple standards of review. See generally Philip J. Padavano, Florida Appellate Practice, §§ 19:3-6, 27:7 (2013).

.As will be seen in the discussion infra, the order of dismissal is premised upon Florida Rule of Criminal Procedure 3.190(o), which provides that the
intent and effect of this rule shall not be avoided by the state by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode or otherwise by prosecuting new and different charges based on the same conduct or criminal episode, whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.
(Emphasis added).

. On a more general note, practitioners are reminded that they are required to include, in their brief, the applicable appellate standard (or standards) of review. See Fla. R.App. P. 9.210(b)(5). Neither brief included a standard of review. This requirement is not a mere formality; determining the appropriate standard of review establishes the proper framework for our analysis and the degree of deference afforded the trial court’s determinations.

. Subdivision (j) addresses the defendant’s availability for trial and is not relevant to the instant case.

. Counts One, Two, Four and Five each charge that Conroy, in the commission of the crime, discharged a firearm; if Conroy is convicted as charged, the trial court is required to impose a mandatory minimum prison sentence of twenty years on each of those counts, to run consecutively. See §§ 775.087(2)(a)2 and (2)(d), Fla. Stat. (2011).

. Pezzo involved application of subdivision (o) to a speedy trial without demand; however, the analysis is equally applicable to the instant facts.

. Generally, the filing of a signed and sworn amended information effects a nolle prosequi of the prior information. State v. Belton, 468 So.2d 495 (Fla. 5th DCA 1985); State v. Stell, 407 So.2d 642 (Fla. 4th DCA 1981). However, because we are directing the reinstatement of the second amended complaint, the State need not refile it, and the parties are each returned to the position they held before the order of dismissal. See Geiger v. State, 532 So.2d 1298 (Fla. 2d DCA 1988).

. During this appeal it has been suggested that the second amended information was legally defective because of the use of disjunctive/conjunctive allegations of multiple victims in a single count. Because attempted first degree murder and aggravated assault are each a specific intent crime, the requisite intent must be directed toward a specific victim and, thus, the "and/or” language in the charges would appear to be improper. Separate and distinct offenses may not generally be alleged in a single count of an information. State v. Dell'Orfano, 651 So.2d 1213 (Fla. 4th DCA 1995).
We need not reach this issue, nor do we determine whether an amendment to cure these perceived defects would be proper after the speedy trial period has expired. However, an amendment that cures an otherwise defective pleading is generally not the type of "prejudice” envisioned by the rules. See Lackos v. State, 339 So.2d 217 (Fla.1976) (granting the State's amendment to include the correct corporate name when the defendant failed to show any prejudice); Fla. R. Crim. P. 3.140(j) (providing "[a]n information on which the defendant is to be tried that charges an offense may be amended on the motion of the prosecuting attorney or defendant at any time prior to trial because of formal defects.”); State v. Garcia, 692 So.2d 984 (Fla. 3d DCA 1997) (holding state was entitled to amend information on day of trial to correct date of alleged offense from June 24 to July 24, where no prejudice flowed from late correction of scrivener’s error). An amendment which adds a new substantive charge or substitutes a new and previously-unnamed victim are examples of the type of prejudice sought to be prevented under the rule. Pezzo, 903 So.2d at 962.