# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2022-0574
_____

GARY CORNEL MELTON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Escambia County.
Jennie Kinsey, Judge.


March 27, 2024


PER CURIAM.

Appellant was charged by information with burglary of a structure with assault or battery. He was convicted of the permissive lesser included offense of burglary of an occupied structure. He raises two issues on appeal. First, Appellant claims that his conviction is improper because the information failed to properly plead the permissive lesser included offense. Second, Appellant argues that the charges against him should have been dismissed due to a discovery violation by the State. Finding no reversible error, we affirm Appellant's judgment and sentence.

Appellant represented himself at a bench trial after waiving his right to a jury trial. Prior to trial, Appellant filed a motion to dismiss, arguing dismissal was proper because the State failed to

provide him discovery in the case. The State had provided Appellant with discovery for one of his other pending cases, but not for the instant case that was proceeding to trial. At a hearing on the matter, the State explained that the discovery violation was an oversight and not intentional and pointed out that discovery was provided to his previously appointed counsel. The State provided Appellant with an additional copy of the discovery at the hearing. Due to the alleged discovery violation, the trial court conducted a *Richardson*[1] hearing. The trial court found there was a discovery violation, but that the violation was not willful nor intentional. The trial court offered Appellant additional time to prepare for trial as a remedy, but Appellant refused to withdraw his request for speedy trial.

At trial, evidence established that Appellant pushed the owner of Central Bail Bonds aside to enter the business uninvited through the back door. Upon entry, Appellant began yelling for the owner's stepdaughter and chased her. The owner heard his stepdaughter screaming, and when he got to her, she had a large gash across her forehead and some bruising on her legs.

The trial court found Appellant guilty of the lesser-included offense of burglary of an occupied structure and sentenced him to fifteen years in prison. Thereafter, Appellant filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). Appellant, now represented by counsel, argued that the trial court erred in sentencing him to fifteen years in prison because the information was not sufficient to support the conviction. Specifically, Appellant argued that because burglary of an occupied structure is a permissive lesser included offense to the burglary with assault, all the elements of the offense had to be charged in the information, and the State failed to allege that the structure was occupied when Appellant entered. The trial court denied Appellant's motion, finding that the information was sufficient.

---

[1] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

I.

Appellant's first issue on appeal is whether the information supported his conviction on the permissive lesser included offense. The State claims this issue is not preserved for appeal because it was raised for the first time in Appellant's rule 3.800(b)(2) motion, and this issue is not cognizable under such motions.

The following have been recognized as "sentencing errors" subject to rule 3.800(b): defendant was improperly habitualized; the sentence exceeds the statutory maximum; the scoresheet was inaccurate; a departure sentence was improperly imposed; the written order deviated from the oral pronouncement; costs were improperly assessed; defendant improperly sentenced to simultaneous incarceration and probation; credit for time served was not awarded; decision to impose adult sanctions was not addressed in writing; and that a sentencing statute was unconstitutional. *Jackson v. State*, 983 So. 2d 562, 572–73 (Fla. 2008).

To counter the State's argument that the issue is not preserved, Appellant cites case law holding that a defendant may preserve the issue of whether the trial court erred in enhancing a defendant's sentence where the information did not support the enhancement via a 3.800(b)(2) motion. *See Anderson v. State*, 988 So. 2d 144 (Fla. 1st DCA 2008); *Freudenberger v. State*, 940 So. 2d 551 (Fla. 2d DCA 2006). While we do not disagree with the proposition, we find the alleged error in the instant case distinguishable. The issue here is whether a defendant convicted of a permissive lesser included offense, which was not properly charged in the information, can preserve the issue for appeal by filing a 3.800(b) motion. This is not an issue of sentencing enhancement.

Here, Appellant was charged with burglary of a structure with assault or battery, a first-degree felony punishable by imprisonment for a term of years not exceeding life imprisonment. *See* § 810.02(2)(a), Fla. Stat. Appellant argues that the highest necessarily lesser included offense of the charged crime is burglary of an unoccupied structure, a third-degree felony. *See* § 810.02(4), Fla. Stat. If the structure is occupied, it is a second-degree felony.

*See* § 810.02(3)(c), Fla. Stat. It may appear at first glance that a finding that a structure is occupied is an enhancement to the crime of burglary of an unoccupied structure. However, Appellant is challenging his conviction, not a sentencing enhancement. Accordingly, Appellant could not raise this claim by motion under rule 3.800(b). *See Profit v. State*, 49 Fla. L. Weekly D201, *1 (Fla. 1st DCA Jan. 17, 2024) (holding that a 3.800(b) motion "is not the correct procedural vehicle for attacking the merits of an underlying criminal conviction" (quoting *Echeverria v. State*, 949 So. 2d 331, 335 (Fla. 1st DCA 2007))). Appellant could have but failed to object to the alleged error at the time of conviction.[2]

Because the issue is not preserved, Appellant would only be entitled to relief if fundamental error occurred. Appellant did not argue this issue constituted fundamental error, but even if he had, we would reject the argument.

"Fundamental error is 'error which goes to the foundation of the case or goes to the merits of the cause of action.'" *Jackson*, 983 So. 2d at 568 (quoting *Hopkins v. State*, 632 So. 2d 1372, 1374 (Fla. 1994)).

> [I]t is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidence by argument to the jury or other affirmative action.

*Nesbitt v. State*, 889 So. 2d 801, 803 (Fla. 2004) (quoting *Ray v. State*, 403 So. 2d 956, 960 (Fla. 1981)).

Again, Appellant was charged with burglary of a structure with a battery, a first-degree felony punishable by imprisonment

---

[2] We reject Appellant's claim that he had no ability to object to the court's decision to find him guilty of burglary of an occupied structure.

4

for a term of years not exceeding life imprisonment and was found guilty of burglary of an occupied structure, a second-degree felony. Appellant does not contend that the evidence was insufficient to find that the structure was occupied. Nor does Appellant contend that he lacked sufficient notice that the State was alleging that the structure was occupied. *See Anderson v. State*, 291 So. 3d 531, 538 (Fla. 2020) (noting that "the purpose of a charging instrument is to put the defendant on notice, not to allege all of the facts that will ultimately support the essential elements of the charge" (citation omitted)). Indeed, it is difficult to conclude that Appellant was unaware that the information was alleging that he burglarized an occupied structure, inasmuch as it charged him with battering a person in course of burglarizing the structure. Under these circumstances, we cannot say that Appellant's conviction was infected with fundamental error because he was found guilty of burglary of an occupied structure.

In reaching this conclusion, we do not suggest that burglary of an occupied structure is a necessarily-included offense of burglary of a structure with a battery, simply because it is possible to commit burglary with a battery when the battery occurs "in flight after . . . commission" of the burglary. *See* § 810.011(4), Fla. Stat. But the person Appellant allegedly battered was indisputably inside the structure when the burglary occurred. *Cf. State v. Delva*, 575 So. 2d 643, 645 (Fla. 1991) "[f]ailing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error . . . ."). Whether or not this discrepancy constitutes an error, it certainly did not "reach down into the validity of the trial" such that would constitute fundamental error. *Brown v. State*, 124 So. 2d 481, 484 (Fla. 1960).

## II.

In his second issue on appeal, Appellant argues that the trial court erred in denying his motion to dismiss because the State committed a discovery violation when it failed to provide him discovery in the case. A trial court's ruling on a request for sanctions for a discovery violation is reviewed for an abuse of discretion. *See Delhall v. State*, 95 So. 3d 134, 160 (Fla. 2012); *Plummer v. State*, 454 So. 2d 61, 62 (Fla. 1st DCA 1984).

5

Florida Rule of Criminal Procedure 3.220(b)(1) requires the State to provide to a defendant, within fifteen days after service of a notice of discovery, a written discovery exhibit. Appellant does not address the State's claim he had failed to establish that any discovery violation occurred here given the State provided discovery to appointed counsel prior to Appellant choosing to proceed pro se, even though it did not timely respond to Appellant's subsequent discovery request. Instead, he focuses on what sanction would be appropriate based on the alleged discovery violation. But no sanction is warranted if there is no discovery violation. It is not that discovery was not provided to Appellant here; it was provided through his appointed counsel. Rather, it is simply that discovery was not provided a second time after Appellant chose to proceed pro se. We agree with the State that this does not amount to a discovery violation.

Even if we were to find the State violated the rules of discovery, dismissal of a case due to a discovery violation "is a drastic remedy which should only be used sparingly and in extreme situations." *State v. Gillis*, 876 So. 2d 703, 705 (Fla. 3d DCA 2004). Appellant is unable to demonstrate the prejudice necessary to show that the extreme sanction of dismissal of the charges was warranted. *See Hunter v. State*, 660 So. 2d 244, 250 (Fla. 1995). First, the trial court offered Appellant additional time to prepare for trial after he received discovery, and Appellant declined. Second, Appellant fails to allege how having the discovery materials sooner would have affected his trial preparation. Lastly, Appellant could have asked his prior counsel for the discovery materials, and thus, the State's failure to provide the materials to him would have had no impact. Under these facts, we find that the trial court did not abuse its discretion in denying Appellant's motion to dismiss.

Finding no reversible error, we affirm Appellant's judgment and sentence.

AFFIRMED.

LEWIS, WINOKUR, and M.K. THOMAS, JJ., concur.

6

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Jessica J. Yeary, Public Defender, and Victor D. Holder, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Adam B. Wilson, Assistant Attorney General, Tallahassee, for Appellee.