# Third District Court of Appeal

## State of Florida

Opinion filed August 14, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1444
Lower Tribunal No. B22-16855

_____

**The State of Florida,**
Appellant,

vs.

**Kevin Beach,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Marcus Bach Armas, Judge.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellant.

Kevin Beach, in proper person.

Before LOGUE, C.J., and FERNANDEZ and BOKOR, JJ.

PER CURIAM.

The trial court, concluding that the State added a new charge to the amended information after the expiration of the speedy trial period, discharged the defendant. The State of Florida appealed. Because the amended information contained no new charge, nor did it prejudice the defendant, we reverse and remand.

## BACKGROUND

On July 24, 2022, an individual identified as "Tyrell Beach," was arrested for the alleged choking of a victim at a laundromat. The State filed the information on August 22, 2022, charging Beach with one count of misdemeanor battery. Specifically, the State alleged that Beach unlawfully committed battery on the victim, "by actually and intentionally touching or striking said person against said person's will and/or causing bodily harm, to wit: CAUSED HER TO LOSE CONSCIOUSNESS FOR A MOMENT, in violation of s. 784.03, Fla. Stat."

Beach, through his appointed counsel, filed a notice of expiration of speedy trial, which was well-taken at a February 21, 2023, hearing. Trial was set for March 7, 2023. The day prior, Beach's counsel filed a motion to withdraw, and Beach filed a *pro se* motion to dismiss[1] because his legal

---

[1] The court denied Beach's motion to dismiss.

name was Kevin (Tyrell) Beach, and the State charged an individual named Tyrell Beach. Thus, the court granted the motion to withdraw and reset trial for a week to provide Beach with time to familiarize himself with court procedures.

Thereafter, the State filed an amended information on March 7, 2023, correcting the defendant's name and modifying the language of the charge. The State now alleged that Beach committed battery "by actually and intentionally touching or striking said person against said person's will, in violation of s. 784.03, Fla. Stat."

A day prior to the newly scheduled trial, Beach filed seven pre-trial motions, including a motion to discharge because the State amended the information after the expiration of the speedy trial period. At a March 14, 2023 hearing, the court informed Beach that it would either strike these motions as untimely or grant Beach a continuance to permit the State time to respond. After initially insisting on going to trial, Beach requested a continuance "under duress." The recapture period expired on March 19, 2023.[2]

---

[2] The recapture period was extended from ten days to thirty days per AOSC21-17, Amendment 3(II)(E)(8)(b)(i-ii).

3

On April 13, 2023, Beach filed a notice of expiration of speedy trial rights. The court granted a joint continuance on May 9, 2023.[3] Following a hearing on the motion to discharge, the court granted the motion, finding that the State forfeited the recapture period by amending the information after the expiration of Beach's speedy trial rights. Specifically, the court found that the construction of the initial information would lead any reasonable person to conclude that a charge was made pursuant to section 784.03(1)(a)2, Florida Statutes (2023).[4] Thus, in the court's view, when the State amended the information to omit reference to section 784.03(1)(a)2 and solely referenced section 784.03(1)(a)1, the State effectively added a new charge that prejudiced Beach.

**ANALYSIS**

The instant case presents a mixed standard of review. The trial court's determination that the amended information "violated the intent and effect of

---

[3] Prior to the May 9th continuance, Beach filed two motions to disqualify the presiding judge and a motion to disqualify the subsequently appointed judge. Further, Beach appealed the denial of his motion to dismiss, as well as petitioned for a writ of habeas corpus. See Beach v. State, Case No. 3D23-0747.

[4] Specifically, in analyzing the initial information, the trial court found that the "factual allegations following 'to wit' would lead any reasonable person to conclude that the charge alleged was based on the specific allegations set forth following 'to wit,' and thus, a charge made pursuant to Fla. Stat. 784.03(1)(a)(2)."

the speedy trial rule and resulted in prejudice to the defendant" is reviewed under an abuse of discretion standard. State v. Conroy, 118 So. 3d 305, 308 (Fla. 3d DCA 2013). We review the trial court's interpretation of the speedy trial rule *de novo*. Id. at 309 (citing Saia Motor Freight Line, Inc. v. Reid, 930 So. 2d 598, 599 (Fla. 2006)).

Florida Rule of Criminal Procedure 3.191(b) provides that a defendant "shall have the right to demand a trial within 60 days, by filing with the court a separate pleading entitled 'Demand for Speedy Trial,' and serving a copy on the prosecuting authority." If trial does not commence within such time frame, a defendant may file a "Notice of Expiration of Speedy Trial Time." Fla. R. Crim. P. 3.191(p)(2). Such notice triggers the recapture period, where the court must hold a hearing within five days to determine if the defendant waived his speedy trial rights, and if not, trial must occur within thirty days. Fla. R. Crim. P. 3.191(p)(3); AOSC21-17, Amendment 3(II)(E)(8)(b)(i-ii).

While the State maintains the right to amend an information outside the speedy trial period,[5] it "may not circumvent the intent and effect of the

---

[5] Beach primarily argues that discharge was warranted because the State failed to charge Beach under the correct name. However, amending the information to correct his name was warranted. See Fla. R. Crim P. 3.140(j) ("An information on which the defendant is to be tried that charges an offense may be amended on the motion of the prosecuting attorney or defendant at any time prior to trial because of formal defects.").

speedy trial rule by lying in wait until the speedy trial time expires and then amending an existing information in such a way that results in the levying of *new* charges" that arise from the same facts and circumstances from the initial charge. Pezzo v. State, 903 So. 2d 960, 962 (Fla. 1st DCA 2005) (emphasis in original). Thus, the central question becomes (1) "whether there has been an abandonment or cessation of the prosecution previously initiated," and (2) "if not, whether the amendment causes prejudice to the defendant." State v. Clifton, 905 So. 2d 172, 178 (Fla. 5th DCA 2005). We address each issue in turn.[6]

First, the State did not abandon its prosecution of the misdemeanor battery charge. Rather, the amended information merely restated, and clarified, the same battery charge contained in the initial information. See Clifton, 905 So. 2d at 174. In Clifton, the initial information alleged four counts of arson and was amended to include an additional arson charge arising out of the same incident. Id. The court concluded that the four arson counts contained in the initial information should not be dismissed, because the State re-alleged the counts in the amended information, thus indicating that

---

[6] The trial court erroneously applies State v. Williams, 791 So. 2d 1088 (Fla. 2001), to the present case. There, the Court held that the State could not file charges *for the first time* after the expiration of speedy trial. Id. at 1091. However, as the court explained in Clifton, an amended information is not instantly analogous and requires analysis of the questions outlined above.

6

there was no intent to abandon prosecution of the original four counts. Id. at 179.

Similarly, here, the amended information re-alleged the same reference to section 784.03, Florida Statutes (2023). The amended information solely removed reference to section 784.03(1)(a)2 but maintained the identical reference to section 784.03(1)(a)1 contained in the first information, indicating that there was no intent to abandon prosecution of the battery charge on that theory. Thus, it was error for the trial court to find that the amended information alleged a new charge.

Next, Beach suffered no prejudice by the amendment. Prejudice to the defendant depends "on the totality of the circumstances" and "the time of the amendment." See Thach v. State, 342 So. 3d 620, 624 (Fla. 2021). A defendant is not prejudiced by an amended information that clarifies an already existing charge and does not substantively change the elements of the charged offense. Compare Conroy, 118 So. 3d at 311 (concluding that an amended information prejudiced the defendant where, on the day of trial, "the State added two new, previously unfiled charges . . . exposing [the defendant] to possible additional sentences of life in prison and two twenty-year minimum mandatory terms"), with Gerome v. State, 306 So. 3d 314, 317 (Fla. 3d DCA 2020) (concluding that an amended information caused no

7

prejudice to the defendant where the amendment did not alter the elements necessary to prove the existing charge, and the State had revealed and discussed the alternative theory since the inception of the case). Here, contrary to <u>Conroy</u> where the State added charges and exposed the defendant to a potentially harsher sentence, the State did not add any new charge nor was there any change in what the State needed to prove. <u>See</u> 118 So. 3d at 311.

In analyzing the initial information, the trial court found that putting factual allegations following "to wit" would lead a reasonable person to conclude that the charge alleged was based on section 784.03(1)(a)2, which was referenced immediately prior. This conclusion is error, as Beach was at least on notice that the State could prove battery under section 784.03(1)(a)1. Further, trial had not commenced, providing Beach with ample time to prepare a defense under this alternative theory. <u>See</u> <u>Gerome</u>, 306 So. 3d at 317. Accordingly, the trial court abused its discretion in finding that the State forfeited the recapture period with its amendment.[7]

---

[7] The State correctly raises that even if the amended information was improper, the correct remedy under <u>Conroy</u> would be to reinstate the initial information. <u>See, e.g.</u>, <u>Conroy</u>, 118 So. 3d at 311 (remanding case with instructions to reinstate prior information); <u>see also</u> <u>State v. Carpenter</u>, 899 So. 2d 1176, 1182 (Fla. 3d DCA 2005) ("Dismissal of an information is . . . an extreme sanction that should be used with caution, and *only* when a lesser sanction would not achieve the desired result.").

Finally, we address whether Beach waived his right to a speedy trial. "[A] defendant waives his or her right to a speedy trial by being unavailable for trial or by taking actions that render the failure to hold a trial attributable to the accused or his or her counsel." Wallace v. State, 189 So. 3d 1022, 1026 (Fla. 3d DCA 2016); see also Fla. R. Crim. P. 3.191(j)(2) ("If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless . . . the failure to hold trial is attributable to the accused . . . or their counsel[.]"). Further, a defense continuance or joint continuance is a waiver of speedy trial rights. See State v. Burnett, 870 So. 2d 858 (Fla. 3d DCA 2004); State v. Lopez, 982 So. 2d 1270 (Fla. 3d DCA 2008).

Here, many of the delays in the case were attributable to Beach. Beach filed numerous pre-trial motions below, many on the eve of trial. Further, on March 14, 2023, the court granted Beach a defense continuance to review the *pro se* motions after his counsel withdrew, and the court later granted a joint continuance because Beach sought for this Court to resolve his appeals. See Hill v. State, 467 So. 2d 695, 696 (Fla. 1985) (concluding that there was a waiver of speedy trial protections where defense counsel withdrew at the pre-trial conference, causing the court to reset the case); Lopez, 982 So. 2d at 1272. Thus, Beach waived his speedy trial rights.

9

## CONCLUSION

The trial court abused its discretion in finding that the amended information contained a new charge and prejudiced Beach. Further, Beach waived his right to a speedy trial by delaying the case with numerous untimely motions and appeals to this Court. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.